## MANSON *v.* KOPPIKUS *et al.*

Ferris *v.* Coover (10 Cal. Rep. 589) affirmed.

APPEAL from the District Court of the Sixth Judicial District, County of Sacramento.

This was an action of ejectment to recover a lot of land in the City of Sacramento.

The facts and the points raised are the same as those in the case of Ferris *v.* Coover (10 Cal. Rep., p. 589).    Plaintiff had judgment and defendant appealed.

*C. A. Johnson* for Appellant, refers to the briefs on file in the case of Ferris *v.* Coover.

*Geo. Cadwalader* for Respondent.

*First.* The error, as alleged by appellants, may be confined to the following propositions : That the grant in evidence did not convey an immediate interest in any land whatever, but that its validity depended upon subsequent events which never happened, and therefore title derived from it should not sustain ejectment.

*Second.* The grant does not cover the land in dispute.

The first point is well settled by the Supreme Court of the United States, in Fremont's case, where the Court decided that upon the delivery of the grant, the fee at once passed to the grantee, and that all the conditions contained therein were subsequent, and did not prohibit the vesting of the estate.    This conclusion has been recognized by this Court in the various cases involving the title to the " *Las Mariposas*," and may be regarded as at rest.

In Gunn, Admr. *v.* Bates & McCarty, 6 Cal. R. 263, this Court determined in a case similar to one at bar, that where possession was had and retained of a portion of the land embraced within the limits of a Spanish grant, the grantee was thereby invested with sufficient title to sustain ejectment for the whole of the land, though by measurement the quantity of land embraced within the boundaries thereof

6

exceeded the calls of the grant.   This rule is undoubtedly correct, as any other would exclude the Mexican grantee from the right to recover a single acre, merely because the government of Mexico had failed to specifically designate the exact location of his grant, and define the surplus.   The doctrine of the foregoing case is peculiarly applicable to the present one; the Court below finding as a fact, that Sutter, upon the receipt of his grant, went into possession of a portion of the tract granted and retained visibly and substantially down to the present period.

The grant in this case is entitled *to a liberal* and not a technical construction : in other words, the grantee is to have that which the Mexican Government intended that he should have.   In 19 Howard, 363, the grant confirmed contained only the following words of description :

" A tract of land known by the name of the El Cahon, near the Mission of San Diego.   The land of which grant is made is that which the map attached to the *expediente* expresses."

Here there was a valid grant described altogether by reference to the map, the Court holding that the map was a portion of the grant itself; and so it will be noticed that in matters of description the map exercises a controlling force.   Larkin's case, 18 Howard, U. S. R. 561.

Taking the map and grant together, we find a discrepancy as to the position of the southern boundary.   The grant calls for 38° 49′ 32″, and the map shows the *Lindero* line to be several miles south of that parallel of latitude ; consequently a latent ambiguity is created by the instrument itself.   Now we hold that there is no proposition more firmly settled in law than that parol evidence is admissible to explain the contradiction reconciling the conflicting calls by ascertaining the intention of the parties.   This rule is as old as the time of *Lord Bacon*.

The evidence introduced by respondent to explain the mistake or contradiction, was of the highest character.   It proved the southern line to have been run some two miles south of Sutterville.   Mr. Greenleaf, in his work on evidence, section 301, observes that the highest regard is to be paid to natural boundaries ; 2d. To lines actually run, and courses actually marked at the time of the grant ; 3d. To courses

and distances giving preference to one or the other according to circumstances. Evidence of long continued occupation, though beyond the given distance, is admissible.

See also 9 Cranch, 178 ; 2 Wheaton, 306 ; 17 Mass. 210.

In Newsom *v.* Prior, lessee, reported in 7 Wheaton, U. S., page 7, the question was as to the boundaries of a grant containing the following words of description :

" Five thousand acres of land lying on both sides of the two main forks of Duck Creek, beginning, &c., and running thence west 894 poles to a white-oak tree ; south 894 *poles to a stake crossing the river ;* thence east 894 poles to a stake ; thence north 894 poles to the beginning."

It being proved by a subsequent survey that the second line to cross the river, must be 1,222 poles long instead of eight hundred and ninety-four poles, as indicated by the grant, the question was disposed of by the Court as follows :

" The distance must be disregarded, and this line so extended as to cross the river, or in other words, the distance must be controlled by the call for the crossing the river; and though the effect of this is undoubtedly that the purchaser acquires more land than is expressed in his grant, and more than he paid for, yet Courts cannot now shake a principle so long settled and so generally acknowledged."

Course and distance must yield to natural or fixed objects.   McCloys, lessee *v.* Galloway, 3 Ohio, 282 ; Jacob *v.* Ongen, 14 Ohio, 529 ; 6 Mass. 131 ; 3 Pickering, 401 ; 9 Conn. 661 ; 4 Monroe, 32 ; 3 J. J. Marshall, 420 ; 2 Binney, 109 ; 6 Wheaton, 583.

If we are entitled to show the natural objects at the limits of the survey, all difficulty in the case ceases, for on the *Lindero* line we have the *two lagunas or lakes*, that come fully within the definition of *natural objects.*   These lakes are both identified by the witnesses, and shown upon the map as touched by the *Lindero line.*   Sutter testifies positively as to Vioget's running the south line at this point.   This evidence in no sense contradicts the grant ; it merely in effect dissolves the ambiguity created by the conflicting calls of the map and grant for the southern line, and gives the *grantee the thing granted ;* not a shadow of authority exists going to deny the validity of such evidence.

Manson *v.* Koppikus.

4 East, 327 ; 7 East, 99.    If the words of the instrument be ambiguous, the Court will call in aid the acts done under it, as a clue to the intention of the parties.    8 Bingham, 181.

In this case, on the ground of mistake alone in the southern boundary of the grant, respondent's case can be supported.    The evidence introduced shows the mistake not to have been in the survey, nor in the map thereof, but in the imaginary line of latitude, *the report of the survey.*    Vioget says his instruments of observation were defective, and whatever mistake was made in one line, extended to the other. Thus we have the mistake shown as well as the cause thereof.    But it is urged that Feather River is the true southern boundary of the land. This, however, is a forced construction and flat contradiction of the grant, map, natural objects and distance in the case, and will not be further noticed.

" It cannot be doubted that where a deed is indefinite, uncertain or ambiguous in the description of the boundaries of the land conveyed, the construction given by the parties themselves, as shown by their acts and admissions, is deemed to be the true one, unless the contrary be clearly shown.    The difficulty in the application of the descriptive portion of a deed to external objects, usually arises from what is called a *latent ambiguity,* which has its origin in parol testimony, and must necessarily be solved in the same way.    It therefore becomes a question to be decided by a jury, what was the intention of the parties to the deed."    (8 Howard, 505.)

FIELD, J., delivered the opinion of the Court—BALDWIN, J., concurring.

This case involves several of the questions which were considered and decided in Ferris *v.* Coover, and upon the authority of that case the judgment is affirmed.