[No. 12276.   Department One. — February 25, 1888.]

THE PEOPLE EX REL. ATTORNEY–GENERAL, APPELLANTS, v. BOARD OF SUPERVISORS OF SHASTA COUNTY ET AL., RESPONDENTS.

INJUNCTION — REMOVAL OF COUNTY SEAT — DECLARING RESULT OF ELECTION — WANT OF JURISDICTION. — An injunction will not lie to restrain the board of supervisors of a county from giving notice, as required by section 3981 of the Political Code, of the result of an election held by their order upon the question of the removal of the county seat, on the ground that the election was illegally ordered by the board by reason of their want of jurisdiction.

APPEAL from a judgment of the Superior Court of Tehama County.

The facts are stated in the opinion.

*A. C. Adams,* and *Jackson Hatch,* for Appellant.

*Clay W. Taylor, Chipman & Garter,* and *Edward Sweeny,* for Respondent.

FOOTE, C. — In this action an injunction is prayed for enjoining the defendants, as a board of supervisors, from declaring the result of an election, and from giving notice thereof, under section 3981 of the Political Code, held by their order, upon the question of a removal of the county seat of Shasta County. It is alleged that the election was illegally ordered by the board when they had no jurisdiction so to do, and therefore that they should be enjoined from making known and publishing the result of such election. The court below, by its

judgment, denied the writ of injunction, and dismissed the bill filed in the action; from that this appeal is taken.

We do not deem it necessary to go into the matter as to whether the board of supervisors did or did not legally order the election to be held.

The question which meets us upon the threshold is, Did or did not the court below have any right to grant an injunction to prevent the board of supervisors from *announcing* and publishing the *result of an election?*

The statutes bearing upon the question are as follows: "Whenever there shall be presented to the board of supervisors of any county a petition signed by the qualified electors of such county, in number equal to a majority of the votes cast at the preceding general election, praying for the submission of the question of the removal of the county seat of such county, it shall be the duty of the board of supervisors, by due proclamation, to submit the question of such removal of the county seat at the next general election to the qualified electors of such county. The election shall be conducted and the returns canvassed in all respects as provided by law for the conducting general elections and canvassing the returns thereof; but a proposition of removal of a county seat shall not be submitted in the same county more than once in four years." (County Government Act, sec. 12, approved March 14, 1883, Deering's Pol. Code, p. 841.)

Section 3981 of the Political Code, which prescribes the duties of the board with reference to announcing the result of such an election, is as follows:—

"When the returns have been received and compared, and the results ascertained by the board, if two thirds of the legal votes casts by those voting on the proposition are in favor of any particular place, the board must give notice of the result by posting notices thereof in all the election precincts in the county."

In this case the board of supervisors acted on what

appeared to them a legal petition as prescribed by law; they ascertained to their satisfaction that the requisite number of qualified electors had signed that petition, which they believed to have been duly and legally presented to them for their action. They took action thereon as petitioned, and ordered the election. The election was then held in due form of law, and two thirds of the legal voters of the county voting on the proposition voted in favor of removing the county seat. No objection was made to anything pertaining to the whole matter until after the election had been thus held.

The returns have been received and compared, and the results ascertained by the board, and now the effort is made to prevent them from announcing the result and giving notice thereof as required by the statutes.

The board of supervisors, whose good faith is nowhere questioned, believe they legally ordered the election; it was held under all the requisite forms of law, but the appellants seek to enjoin them from announcing the result of such election, which was ordered and held in good faith; and to do this they seek, in effect, to have determined the question as to whether the old county seat is to remain such, or another place has been duly elected to be such county seat.

In this case we do not think that an injunction would lie. Section 3423, subdivision 4, Civil Code, is as follows: —

"An injunction cannot be granted,— .... 4. To prevent the execution of a public statute, by officers of the law, for the public benefit."

The board of supervisors are simply endeavoring to perform a duty enjoined on them by law to announce the result of an election, which in good faith they believe to have been duly ordered and legally held, and we think it would be a most dangerous interference by the courts to prevent them from performing a legal duty, and in effect, to determine the result of a contested election, in

this action for an injunction. (*Dickey* v. *Reed,* 78 Ill. 261.)

For these reasons, we are of the opinion that the judgment of the court below should be affirmed.

Belcher, C. C., and Hayne, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment is affirmed.

Hearing in Bank denied.