[Civ. No. 2036.    Third Appellate District.—November 18, 1919.]

JOHN RANDOLPH et al., Appellants, v. THE COUNTY OF STANISLAUS et al., Respondents.

[1] PUBLIC UTILITY DISTRICT—ELECTION OF DIRECTORS—INJUNCTION TO RESTRAIN.—An injunction will not lie to restrain a board of supervisors from calling an election to elect directors of a proposed public utility district organized pursuant to the provisions of the act of May 27, 1915 (Stats. 1915, p. 866), the creation of which district has already been declared by the board of supervisors and by the Secretary of State.

[2] ID.—IRRIGATION DISTRICT NOT MUNICIPAL CORPORATION—DIVISION OF PERMISSIBLE.—An irrigation district organized under the laws of the state of California is not a municipal corporation; and the fact that all of such a district is not included within a proposed public utility district does not affect the legality of the organization of the latter district,

[3] ID.—BOUNDARIES OF DISTRICT—DESCRIPTION BY REFERENCE.—Under the act of the legislature, approved May 27, 1915, providing for the incorporation of public utility districts by municipalities and unincorporated territory, it is sufficient to describe the district as comprising all the territory embraced within the boundaries of certain existing irrigation districts theretofore organized under other similar acts, including the municipalities therein contained, without describing the boundaries of the proposed public utility district by metes and bounds.

[4] ID.—CONTIGUITY OF TERRITORY—SEVERANCE BY RIVER.—The fact that two described pieces of unincorporated territory are severed by a river and that the river-bed is not included in the district does not affect the legality of the formation of a public utility district organized pursuant to the provisions of the act of the legislature approved May 27, 1915. It may consist of different and separate pieces of unincorporated territory.

APPEAL from a judgment of the Superior Court of Stanislaus County refusing to issue an injunction. W. M. Conley, Judge. Affirmed.

The facts are stated in the opinion of the court.

Pillsbury, Madison & Sutro and L. J. Maddux for Appellants.

Brown & Hindman and Joseph M. Cross for Respondents.

ELLISON, P. J., pro tem.—The plaintiffs, as taxpayers, bring this action to obtain an injunction restraining the board of supervisors of Stanislaus County from calling an election to elect directors of a proposed public utility district, known as the Stanislaus Public Utility District, and from expending the moneys of said county for holding said election.

The court, after trial, refused to issue an injunction, and entered judgment for the defendants for their costs. The plaintiffs appeal.

The said public utility district is described as being "composed of all the territory within the Modesto Irrigation District and the Turlock Irrigation District which is within the County of Stanislaus, State of California, including all the municipalities therein, namely, the City of Modesto and the City of Turlock."

From the record it appears that after proper petitions had been filed with the board of supervisors and with the clerk of each of said cities, elections had been held, and the returns certified to the board of supervisors, and thereafter said board, after reciting the filing of said petitions and the elections held thereon, entered its order as follows:

"The Board further finds from said examination of said certificates that at said election so held as aforesaid, a majority of all of the votes cast in each of said municipalities and in said unincorporated territory was in favor of said proposition and that a majority of the electors voting at said election in each of said municipalities and in said unincorporated territory voted in favor of the incorporation of said Public Utility District, now,

"Therefore, it is ordered, by this board that at said special elections so held as aforesaid, in each municipality aforesaid, and in said unincorporated territory, in which said elections were held (the election?) was in favor of the incorporation of said Public Utility District. It is further ordered that a Public Utility District known as the Stanislaus Public Utility District and comprising all that portion of the Modesto Irrigation District and the Turlock Irrigation District, which is within the County of Stanislaus, and State of California, jointly with the municipalities therein contained, namely, the City of Modesto and the City of Turlock, is formed accordingly under the provisions of an act of the Legislature of the State of California, providing for the incorporation of Public Utility Districts by municipalities and unincorporated territory, approved May 27th, 1915, and in effect August 8th, 1915."

The complaint alleges that thereafter, on the thirteenth day of December, 1916, the Secretary of State received duplicate rolls of the certificates of the result of said elections, and he issued a certificate reciting that said duplicate rolls were filed in his office, and that a public utility district, naming it as the Stanislaus Public Utility District, was incorporated as a public utility district under the provisions of the act of the legislature of the state of California, approved May 27, 1915. (Stats. 1915, p. 866.)

It is then alleged in the complaint that the defendants threaten to, and, unless enjoined and restrained by the court, will call an election within the territory described in

said petition for the purpose of electing directors of said proposed public utility district, and to expend the money of said county for the holding of said election, and it is such threatened acts of the board of supervisors that this suit was brought to have enjoined.

The appellants claim the said district has been illegally formed, and no election of directors should be had, because: 1. Said district divides a municipal corporation; 2. That the boundaries of the said proposed district are not set forth in the petition, as required by the act; 3. That said district is comprised of two noncontiguous tracts of land.

[1]    Before considering these several alleged defects in the organization of the district, it is well to call attention to the position taken by the attorney for the respondent, in which he asserts: The relief sought herein is forbidden by section 3423 of the Civil Code, wherein it is provided an injunction cannot be granted: ''4. To prevent the execution of a public statute, by officers of the law, for the public benefit: . . . 6. To prevent the exercise of a public or private office, in a lawful manner by the person in possession.'' If this position is well taken, it would seem to be decisive of the case, and we direct our attention to it first.

Section 16 of the act of May 27, 1915, provides that a public utility district organized under the provisions of the act shall proceed within ninety days after its formation to the election of a board of directors, consisting of as many members as there are territorial units in the district, and as many additional members, not less than three or more than four, that may be required to constitute a board composed of an odd number of directors. The said section also provides that said election shall be called by the board of supervisors of the county in which the district, or the greater part thereof is situated. It is this election that the board of supervisors are threatening to call, and which is asked to be enjoined.

That the act providing for public utility districts is a public statute cannot be gainsaid. That the defendants, the board of supervisors, are officers of the law is equally certain, and the act which they are threatening to perform is one especially enjoined upon them by the statute under review. We think respondents' position upon this point is correct; that this is a proceeding to prevent the officers of

the law, to wit, the board of supervisors of Stanislaus County, from executing a public statute passed for the public benefit.

The case of *People* v. *Board of Supervisors of Shasta County,* reported in 75 Cal. 179, [16 Pac. 776], is very much in point. The statement of the case is as follows: "In this action an injunction is prayed for enjoining the board of supervisors from declaring the result of an election, and from giving notice thereof, under section 3981 of the Political Code, upon the question of a removal of the county seat of Shasta County. It is alleged that the election was illegally ordered by the board when they had no jurisdiction so to do, and, therefore, that they should be enjoined from making known and publishing the result of such election.

"The question which meets us upon the threshold is, Did or did not the court below have any right to grant an injunction to prevent the board of supervisors from announcing and publishing the result of an election?"

After quoting the statute outlining the duties of boards of supervisors in such matters, it is said: "In this case we do not think that an injunction would lie."

Quoting section 3423 of the Civil Code, the opinion proceeds: "The board of supervisors are simply endeavoring to perform a duty enjoined on them by law to announce the result of an election, which in good faith they believe to have been duly ordered and legally held, and we think it would be a most dangerous interference by the courts to prevent them from performing a legal duty, and, in effect, to determine the result of a contested election, in this action for injunction."

So, in the present case, the board of supervisors of Stanislaus County are simply threatening to perform a duty enjoined upon them by law, namely, to call an election of directors of a public utility district, the creation of which has already been declared by the board of supervisors and by the Secretary of State, and we do not think injunction will lie.

While this point seems to be decisive of the case, and, perhaps, would render unnecessary a discussion of the points raised by appellant, we shall refer to them briefly.

## I.

[2] Does the proposed public utility district divide a municipal corporation?

Section 1 of the act provides: "Such a district may include municipalities only, or both incorporated or unincorporated territory, but no municipal corporation shall be divided in the formation of such a district."

A considerable portion of the Turlock Irrigation District lies in Merced County. The proposed irrigation district includes only so much of the Turlock Irrigation District as lies in Stanislaus County. And, basing his argument upon the proposition that the Turlock Irrigation District is a municipal corporation, counsel argues that the district is illegal because only a part of this irrigation district is included in the exterior boundaries of the proposed public utility district.

We think it does not require very much argument to demonstrate that an irrigation district formed under the laws of the state of California is not a municipal corporation.

"A municipal corporation in its strict and proper sense is the body politic and corporate constituted by the incorporation of the inhabitants of a city or town for the purposes of local government thereof." (Dillon on Municipal Corporations, 5th ed., sec. 31.)

Our supreme court, *In re Wener,* 129 Cal., at page 572, [62 Pac. 99], had occasion to discuss the question of whether a sanitary district formed under the laws of the state was or was not a municipal corporation, and used this language, which is as applicable to an irrigation district as it was in that case to a sanitary district: "A sanitary district, no more than an irrigation district, or a reclamation district, or a drainage district, possesses police powers properly belonging to cities and municipal bodies exercising local governmental functions. Such districts are created for the purpose generally of some special local improvement, and should exercise only such powers as may be conferred upon them by the legislature in the line of the object of their creation. Although in the nature of public corporations, they are not municipal corporations in the proper sense of the term. All municipal corporations are public corporations, but the converse does not follow that all public corporations are

municipal. Railroad corporations are deemed *quasi*-public corporations, but they are not deemed *quasi*-municipal corporations. In some of the cases expressions may doubtless be found which would seem to indicate that public corporations and municipal corporations are synonymous, but it is, nevertheless, inaccurate to designate a drainage district or a sanitary district, although public corporations, as municipalities. Webster defines 'municipal' as pertaining to a city or corporation having the right of administering local government—as municipal rights, municipal officers; and 'municipality' is defined as a municipal district, a borough, a city, town, or village. The Century Dictionary defines 'municipal' as pertaining to local self-government or corporate government of a city or town; and 'municipality,' as a town or city possessed of corporate privileges of local self-government; a community under municipal jurisdiction. Bouvier's Law Dictionary says 'municipal' strictly applies only to what belongs to a city. Among the Romans, cities were called 'municipia.' In a general sense, we say that all law other than international is municipal law, but when we speak of corporations as municipal we mean cities or towns. These existed before the constitution. They came down to us from former times, and they have always formed an important part of our system of government.''

We hold that the Turlock Irrigation District is not a municipal corporation, and that the fact that all of it is not included within the proposed irrigation district does not affect the legality of its organization.

## II.

[3] We are of opinion that the boundaries of the proposed public utility district are set forth in the petitions and ordinances in all respects as required by the act. The description of the district is as follows: ''That said District shall comprise all the territory embraced within the boundaries of, and comprising the Modesto Irrigation District and the Turlock Irrigation District, which is within the County of Stanislaus, and State of California, including the municipalities therein contained, namely, the City of Modesto and the City of Turlock.''

Section 7 of the act provides that after the election for the incorporation of such proposed public utility district, the

sufficiency of the petition, in any respect, shall not be subject of judicial review, or be otherwise questioned.

Without considering whether this section does not preclude the plaintiffs at this time from raising any question as to the accuracy of the boundaries of the proposed district, we are clearly of the opinion that the district is described with certainty.

Section 5 of the act provides that if such proposed district includes only municipalities, it shall be sufficient to state the names thereof, without further setting forth the boundaries of the district. This makes it clear that the territory embraced within the cities of Modesto and Turlock are sufficiently described by stating the names of said cities. But counsel argues that because a reference to the cities by name is sufficient in the statute to describe the territory therein, it follows that the description of the territory in any other incorporated territory is not sufficient unless described by metes and bounds. He says: ''The provision that municipalities may properly be designated by name only, shows a legislative intent that territory not comprised within a municipality must be described in the other manner prescribed; that is, by setting forth of the boundaries thereof.''

The act only requires that the boundaries of the proposed district shall be set forth. The boundaries of the irrigation districts are required by the act under which they were formed to be definitely described by metes and bounds. The entire area of· one of those irrigation districts is included within the proposed district, and all of the other lying within the county of Stanislaus.

A boundary is described in Burrill's Law Dictionary as follows: ''A boundary is a line or mark indicating the limit or furtherest extent of a tract of land or territory; a separating or dividing line between countries, states, districts or territories, or tracts of land.'' Webster defines a boundary as ''that which indicates or fixes the limit or extent, or marks a bound, as of territory; a bounding or separating line; a real or imaginary limit.''

There is nothing in the statute we are reviewing that provides that the boundaries of the proposed public utility district shall be set forth by metes and bounds. If they are

described by natural or other objects which make their limits definite and certain, the statute is fully complied with.

We think counsel for respondent has clearly stated the rule wherein he says: "In all cases it is sufficient to describe or set out a boundary in such a manner as will enable a competent person to locate the same. To this end, resort may be had to maps, plats, documents, records, adjacent lands, and the like, and a defective description may even be supplemented by oral testimony." (Citing Greenleaf on Evidence, sec. 301; *Ferris* v. *Coover*, 10 Cal. 589; *Manson* v. *Koppikus*, 11 Cal. 89; *Miller* v. *Grunsky*, 141 Cal. 447, [66 Pac. 858, 75 Pac. 48].)

### III.

[4] Counsel claims that the proposed district has not been legally formed because composed of two or more noncontiguous units, and the argument is that because the Modesto Irrigation District and the Turlock Irrigation District are separated by the Tuolumne River, and the overflow lands adjacent thereto, that the organization of the utility district is a nullity.

We find nowhere in the provisions of the act any provision that the territory comprising the utility district shall be contiguous. Section 1 of the act provides such a district may include municipalities only, or both incorporated and unincorporated territory. And section 2 provides that two or more municipalities may join in the formation of a district. "Each municipality within the district shall, for the purposes of this act, be regarded and treated as a territorial unit of the district, and all unincorporated territories situated in one and the same county and included within the district, shall be so regarded and treated as an entirety, and as a territorial unit of the district. Each municipal territorial unit, and unit of unincorporated territory having a population of at least five thousand, shall be entitled to one director," etc. (Section 17.)

It is a matter of common knowledge that in the state of California municipal corporations are not often contiguous, but are separated by intervening territory, and if the formation of districts composed of two or more municipal corporations is to be confined to municipal corporations that are adjacent to each other, then very few public utility districts composed entirely of municipal corporations can be formed

in the state of California.    The act does not so limit the scope of its proceedings.

The act provides: ''Each municipality within the district shall, for the purposes of this act, be regarded and treated as a territorial unit of the district, and all unincorporated territories situated in one and the same county and *included within the district* shall be so regarded and treated as an entirety and as a territorial unit of the district.''

In this case all the territory of the proposed district is in one county.    The unincorporated territory in the same county that is included in the district comprises one unit of the district and is to be regarded as an entirety.    There is nothing in the act requiring that all the unincorporated territory in the county shall be included in the district. Such parts of it may be included as is desirable, and it need not be all in one body.    It may consist of different and separate pieces of unincorporated territory.    There is nothing in the act forbidding this.    But, when selected, all the unincorporated territory that is included in the district, and that lies in the same county, constitutes one unit of the proposed district.    The fact that two described pieces of unincorporated territory are severed by a river and that the river-bed is not included in the district is unimportant.

For all the reasons herein stated, we think that the position of the appellants is not sound, and that the judgment should be affirmed, and it is so ordered.

Hart, J., and Burnett, J., concurred.