[Civ. No. 4612.  Second Appellate District, Division One.—November 23, 1923.]

## DORA V. DRUMHILLER et al., Petitioners, v. ALLEN H. WRIGHT, City Clerk, etc., et al., Respondents.

[1] INTERVENTION—INTEREST PRESCRIBED.—The interest mentioned in section 387 of the Code of Civil Procedure, which entitles a person to intervene in a suit between other persons, must be in the matter in litigation and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment.

[2] ELECTIONS — CONSOLIDATION OF CITIES — TRANSMITTAL OF DOCUMENTS TO SECRETARY OF STATE — MANDAMUS — INTERVENTION BY TAXPAYER.—In a *mandamus* proceeding to compel a city clerk to certify and transmit to the Secretary of State certain documents concerning a special election relating to a proposed consolidation of two cities under the act of 1913 (Stats. 1913, p. 577), a taxpayer who has caused an independent *quo warranto* proceeding to be commenced against the two cities, but who can lose nothing by the direct legal operation or effect of a judgment granting the writ of mandate, will not be permitted to file a complaint in intervention setting forth facts upon which he contends that the granting of the writ of mandate will injuriously affect and damage him and prevent the relief prayed for in the *quo warranto* action, where it does not appear from such complaint in intervention that there exists any collusion or fraud whereby the respondents in the *mandamus* proceeding are failing to defend against the granting of the writ of mandate.

[3] ID.—MANDAMUS—JURISDICTION.—Where proceedings for the consolidation of two cities have been conducted by said cities in attempted compliance with the act of 1913, as amended in 1917 (Stats. 1913, p. 577; Stats. 1917, p. 26), the superior court is without jurisdiction to restrain the city clerk from transmitting to the Secretary of State the documents concerning the special election, as prescribed by said act.

PROCEEDING in Mandamus to compel a city clerk to certify to the Secretary of State certain documents in connection with a special consolidation election. Writ granted.

The facts are stated in the opinion of the court.

2. Right of taxpayer to intervene and defend in actions affecting his interest as citizen and taxpayer, note, **Ann. Cas.** 1913C, 911.

Jesse George for Petitioners.

S. J. Higgins, City Attorney, and Arthur F. H. Wright, Deputy City Attorney, for Respondents.

Sloane & Sloane, Crouch & Sanders and F. G. Blood, as *Amici Curiae.*

CONREY, P. J.—Petition for writ of mandate to compel respondent city clerk of the city of San Diego to certify and transmit to the Secretary of State copies of certain records and a statement of facts concerning a special election relating to a proposed consolidation of the city of East San Diego and the city of San Diego. The consolidation proceedings were in attempted compliance with an act to provide for consolidation of municipal corporations as adopted in the year 1913 and amended in the year 1917. (Stats. 1913, p. 577; Stats. 1917, p. 26.)

The petition herein sets forth proceedings conducted by the city of East San Diego and by the city of San Diego, *prima facie* sufficient to establish the conditions which, under the provisions of section 4 of said act, as amended in the year 1917, imposed upon the clerk of the city of San Diego the duty to make and certify and transmit to the Secretary of State the documents and statement demanded by petitioners herein. The law requires that the same shall be filed by the Secretary of State, and provides that from and after the date of the filing of said documents in the office of the Secretary of State "the annexation of such territory shall be deemed to be and shall be complete," etc. The petitioners are residents, electors, and taxpayers of the city of East San Diego.

Without formal notice of application for a peremptory writ, and without the issuance of an alternative writ, counsel for petitioners and for respondents, together with Mr. Sanders, one of the attorneys appearing here as *amici curiae,* severally waived notice and agreed on presentation of this matter to the court at a stated time. At that time respondents demurred to the petition on the ground that it does not state facts sufficient to constitute a cause of action or to entitle petitioners to any relief against respondents. At the same time Sloane & Sloane, representing one Charles H.

Harris, a resident and taxpayer of the city of East San Diego, asked leave to file a petition for intervention by said Harris and requested that he be allowed to intervene in this proceeding. The petition proposed for filing sets forth the pendency in the superior court of San Diego County of a *quo warranto* action wherein People of the State ex rel. Charles H. Harris are plaintiffs and the city of East San Diego and the city of San Diego are defendants. Petitioner Harris in said proposed complaint in intervention sets forth facts upon which he contends that the granting of the writ of mandate in this proceeding will injuriously affect and damage the said Harris and prevent the relief prayed for in said *quo warranto* action. The court announced that the application for leave to intervene would be submitted, for decision at this time.

[1] Section 387 of the Code of Civil Procedure provides for intervention in an action or proceeding, by any person "who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both." It is an established rule that "the interest mentioned in the code which entitles a person to intervene in a suit between other persons must be in the matter in litigation and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment." (*Horn* v. *Volcano Water Co.*, 13 Cal. 62 [73 Am. Dec. 569]; *Elliott* v. *Superior Court*, 168 Cal. 727, 734 [145 Pac. 101].)

[2] We may assume it to be true that (as contended by counsel for Mr. Harris), upon completion of the consolidation proceedings, if the same are valid, all property within the present city of East San Diego, equally with all property within the present city of San Diego, will be subject to taxation to obtain funds with which to meet certain outstanding municipal bonds of the city of San Diego as they become due. But those bonds are not a lien upon private property, although they may at some time lead to the creation of a tax lien. The completion of the annexation proceedings will not create any lien upon the property of Mr. Harris. Therefore, we are of the opinion that the proposed intervener can lose nothing by the direct legal operation or effect of a judgment granting the writ of mandate demanded in this proceeding.

Moreover, it does not appear that there exists any collusion or fraud whereby the respondents are failing to defend against the granting of the writ demanded. It being conceded that they are acting in good faith, they are not bound to interpose objections which they may think cannot be sustained, even though others in the situation of Mr. Harris or his counsel may be of a different opinion.

For the foregoing reasons the application for leave to file the proposed petition in intervention is denied. It was understood, however, that in the event of denial of the proposed intervention, the argument presented by counsel for Mr. Harris against the granting of a writ of mandate would be considered as an argument presented by counsel as *amici curiae.* That argument will be thus considered by the court in disposing of this case.

The petition for writ of mandate in the paragraph thereof showing reasons for making the application to this court and not to the superior court of the county of San Diego, states that in an action entitled *Tocque* v. *The City of San Diego et al.,* now pending in said superior court, a judge of that court, without jurisdiction and contrary to the provisions of subdivision 4 of section 3423 of the Civil Code and the provisions of the second subdivision 4 of section 526 of the Code of Civil Procedure, has issued an order restraining the city clerk of the city of San Diego, respondent herein, ''from so performing his duties under the statute hereinabove described.'' [3] Assuming that said restraining order was issued by reason of some alleged illegality of said annexation proceedings, nevertheless we are of the opinion that said court was without power to restrain said city clerk from performing the acts demanded of him by petitioner for the writ of mandate in this proceeding. Therefore, the existence of such restraining order does not affect the obligation of the clerk to file said documents and statement, or the right of petitioner to a writ of mandate compelling the performance of said duty. ''An injunction cannot be granted: . . . Fourth. To prevent the execution of a public statute, by officers of the law, for the public benefit.'' (Civ. Code, sec. 3423.)

We think that our conclusion on this question is in accordance with the law as set forth in *People* v. *Board of Supervisors,* 75 Cal. 179 [16 Pac. 776]. In that action it was

sought to enjoin the defendants from declaring the result of an election and from giving notice thereof as provided by law upon the question of removal of a county seat. It was alleged that the election was illegally ordered by the board when it had no jurisdiction so to do. The question as stated by the court was: "Did or did not the court below have any right to grant an injunction to prevent the board of supervisors from announcing and publishing the result of an election?" First setting out the provisions of the statute under which the duties of the board were declared with reference to announcing the result of such an election, the court observed that the board of supervisors had acted upon what appeared to them a legal petition as prescribed by law, and had ordered the election, which was held in due form of law. "The board of supervisors, whose good faith is nowhere questioned, believe they legally ordered the election; it was held under all the requisite forms of law, but the appellants seek to enjoin them from announcing the result of such election, which was ordered and held in good faith; and to do this they seek, in effect, to have determined the question as to whether the old county seat is to remain such, or another place has been duly elected to be such county seat. . . . The board of supervisors are simply endeavoring to perform a duty enjoined on them by law to announce the result of an election, which in good faith they believe to have been duly ordered and legally held, and we think it would be a most dangerous interference by the courts to prevent them from performing a legal duty, and in effect, to determine the result of a contested election, in this action for an injunction." It was therefore determined that the superior court was right in refusing the injunction. (See, also, *Reclamation District* v. *Superior Court,* 171 Cal. 672, 681 [154 Pac. 845] ; *Randolph* v. *County of Stanislaus,* 44 Cal. App. 322, 326 [186 Pac. 625].)

The demurrer to the petition herein is overruled. There being no further answer the relief demanded should be granted.

Let the peremptory writ issue.

Houser, J., and Curtis, J., concurred.