[Civ. No. 6268. First Appellate District, Division One.—October 10, 1928.]

P. PURVIANCE, Appellant, v. JAMES COMPTON et al., Respondents.

Sawyer & Sawyer and F. W. Sawyer for Appellant.

Frank V. Kington for Respondents.

CAMPBELL, J., *pro tem.*—This is an appeal from a judgment entered in favor of defendants upon the sustaining of the demurrer without leave being given to amend.

The plaintiff, a chiropractic practitioner, seeks an injunction against the defendants, members of the State Board of Chiropractic Examiners. The action sought to be enjoined is the threatened act of placing on trial as to a fact, and the passing judgment upon such proof, in the investigation and revoking of plaintiff's license to practice chiropractic in this state.

The Chiropractic Act (Stats. 1923, lxxxviii; Deering's Gen. Laws 1923, Act 4811) at section 10 provides that a license shall be revoked in proper cases. It further provides that a complaint shall be filed and other proceedings followed. Section 4 (c) empowers the board to revoke licenses, and section 4 (d) authorizes the summoning of witnesses and the taking of testimony.

The facts generally alleged in the complaint are: On February 10, 1923, the governor of the state of California appointed the so-called "First Board of Chiropractic Examiners"; that on September 17, 1923, in an action prosecuted by the people of the state of California against such appointees, this "First Board" was ousted and removed from office upon the grounds that each member appointed thereon was unqualified and ineligible to act in that each had been a persistent violator of the state laws and that not one of them held a lawful license to practice, and that their appointment on such board was unauthorized and void; that after September 17, 1923, and before the commencement of this action said governor of the state of California appointed or purported to appoint said defendants herein, James Compton, a member of the "First Board" to whom no license to practice chiropractic has ever been issued after an examination, and the other defendants, whose licenses were issued by the first illegal board, members of the State Board of Chiropractic Examiners, being in fact the second board appointed under said initiative act, but in law the first board— as the so-called first board was no board; that said defendants were not then and are not now, nor is any one of them qualified to act as members of said board; that none of said defendants has practiced or did practice chiropractic in California for a period of three years next preceding the date upon which the act took effect or ever have been licensed to practice under any of the medical practice acts, but each of said defendants has assumed possession and control of

said Board of Chiropractic Examiners and as such members, claiming the right to act thereon and to perform the duties, threaten to and have actually commenced proceedings for the purpose of revoking the plaintiff's license to practice chiropractic and have fixed the time and place for the hearing before them of the question in respect to the revocation of said license, and caused citations and subpoenas to be issued directing various parties to be present and give testimony and that unless restrained, defendants will proceed with said hearing and render decision thereon, all to the irreparable loss and injury of plaintiff, for which there is no plain, speedy, or adequate remedy at law. Upon these allegations plaintiff seeks an injunction enjoining and restraining defendants from doing anything in respect to the license of plaintiff to practice chiropractic.

Defendants demurred to the complaint upon several grounds, among which being that the complaint does not state facts sufficient to constitute a cause of action. From the judgment for defendants entered upon the sustaining of the demurrer without leave to amend, plaintiff has appealed.

Appellant urges that the acts threatened to be performed by the Board of Chiropractic Examiners are judicial and therefore in violation of the state constitution—that the act is not a constitutional amendment but a law of the state as if passed by the legislature, though passed by the people, and cites us to *Department of Public Works* v. *Superior Court,* 197 Cal. 215 [239 Pac. 1076], wherein it is said: "Under section 1 of article VI of the Constitution the legislature would be without authority to give judicial power to any general state board or tribunal. Except for local purposes the section disposes of the whole judicial power of the state and vests all of it in the courts expressly named therein, leaving none at the disposition of the legislature."

The case cited concerns an application for a writ of prohibition to restrain the superior court from proceeding with the hearing and determination of a petition for a writ of review and not injunctive relief. However, in *Brecheen* v. *Riley,* 187 Cal. 121, 125 [200 Pac. 1042], it is held that the determination of facts going to show whether or not a real estate agent was guilty of acts calling for a revocation of his license by the commissioner, under the "Real Estate Act" (Stats. 1919, p. 1252), is not the exercise of "the

judicial powers of the state,'' as that phrase is used in the constitution conferring judicial power upon the courts. The court there quotes approvingly the following from *Ex parte Whitley,* 144 Cal. 167, 169 [1 Ann. Cas. 13, 77 Pac. 879, 884] : ''It is not at all uncommon for inferior boards or officers to be invested with power which calls for the determination of facts and the exercise of discretion in the discharge of the duties of their office. This power, it is true, is in a sense judicial, but it cannot be said that it is an exercise of 'judicial power' as that term is used in the Constitution in conferring power upon the courts. The question, however, is not an open one in this state, and seems to have been settled adversely to petitioner's contention in *County of Los Angeles* v. *Spencer,* 126 Cal. 670 [77 Am. St. Rep. 217, 59 Pac. 202].'' It follows, therefore, that injunction will not lie on the theory that respondents in the present case are exercising judicial power.

The allegation ''that said defendants were not then and are not now, nor is any of them, qualified to act as members of said board'' puts in issue the title or right to hold public office, which may not be tried in an injunction action. The jurisdiction to determine the title to public office or the qualifications of public officers belongs exclusively to the courts of law. As appears from the complaint, respondents had been appointed to the board by the governor; had entered upon the duties of the office; were holding its *indicia,* and were actually serving the public as members of the board, when plaintiff sought relief by injunction. They were at least *de facto* officers, and even if not qualified, the functioning of the office and the officers is not to be controlled by injunction. (*Barendt* v. *McCarthy,* 160 Cal. 680 [118 Pac. 228]; *Town of Susanville* v. *Long,* 144 Cal. 362 [77 Pac. 987]; *People* v. *Board of Supervisors,* 75 Cal. 179 [16 Pac. 776]; *Randolph* v. *County of Stanislaus,* 44 Cal. App. 322 [186 Pac. 625]; Code Civ. Proc., sec. 526; Civ. Code, sec. 3423.)

In our opinion the demurrer was properly sustained, and the judgment is therefore affirmed.

Tyler, P. J., and Knight, J., concurred.