[L. A. No. 17024. In Bank.—August 3, 1939.]

FRANCES E. LENAHAN et al., Appellants, v. THE CITY OF LOS ANGELES (a Municipal Corporation) et al., Respondents.

Becker & Becker, Emanuel Becker and Abraham Becker for Appellants.

Ray L. Chesebro, City Attorney, Leon T. David and Frederick von Schrader, Assistant City Attorneys, and Robert ·W. Anderson and Bourke Jones, Deputies City Attorney, for Respondents.

SHENK, J.—This is a motion to dismiss an appeal on the ground that the same has become moot.

On the 14th day of July, 1938, there was filed in the office of the city clerk of the city of Los Angeles a recall petition containing approximately 120,000 signatures and demanding the submission to the electors of the city of Los Angeles of the question whether Frank L. Shaw, the mayor of said city, should be removed from his office and, if recalled, his successor be elected. Pursuant to the duties imposed upon him by the city charter, the city clerk examined the recall petition and ascertained and declared that it contained more than the requisite number of signatures of qualified electors of the city to require that the question be submitted to a vote of the people of the city. Under date of July 26, 1938, he filed a certificate to that effect with the city council. On August 23, 1938, the city council passed an ordinance calling a special election for September 16, 1938. The election was held on that day, resulting in a vote of 236,525 for, and 129,245 against the recall. The vote for the successor was 233,427 in favor of Fletcher Bowron, and 122,692 for Frank L. Shaw. Upon a canvass of the returns the city council, at its meeting of September 23, 1938, declared Frank L. Shaw recalled and Fletcher Bowron elected as mayor.

On August 23, 1938, the plaintiffs brought this action to enjoin the defendant city officials from calling or conducting the recall election. On August 31st, the city attorney, on behalf of the defendants, moved the trial court to strike the complaint from the files and quash the service of summons on the ground that the court had no jurisdiction of the subject-matter of the action. The motion was granted. On September 6, 1938, the plaintiffs herein applied to this court

for the writ of *mandamus* to compel the superior court to assume jurisdiction of, or proceed with, the injunction suit. The application was denied on September 8, 1938, for the obvious reason that the election would be held long before final action could be taken in the *mandamus* proceeding. (*Lenahan et al.* v. *Superior Court*, S. F. No. 16119.) The plaintiffs appeal from the order granting the motion to strike and to quash, and, by bill of exceptions settled and filed on November 23, 1938, assign error on the part of the trial court in granting the motion.

The plaintiffs sought to enjoin the election on the grounds: 1.—That some of the sections of the recall petition did not have attached thereto the affidavit of the circulator that the signatures thereon were obtained in his presence; that the sheets of some sections were not fastened together at the time the signatures were appended thereto; that the clerk certified signatures of signers who were not qualified electors of the city; that signatures were obtained by persons other than the ones making the required affidavits; that persons were induced to sign by reason of alleged false statements of those obtaining such signatures, and that many of the signatures were forgeries. 2.—That signatures on said recall petition were obtained pursuant to contracts made with persons who contracted to secure signatures for compensation, and that this method of obtaining signatures is against public policy and rendered the petition invalid. 3.—That the clerk was guilty of a dereliction of duty in that he employed incompetent and unreliable help in checking the recall petition; that the clerk was guilty of arbitrary rulings in passing upon questioned signatures; that dates of signatures were not affixed at the time of signing, and that signatures were obtained more than six months prior to the date of filing the recall petition. All of the foregoing was alleged to have been contrary to the requirements of the law governing the action of the city authorities in the premises.     By a fourth count an attempt was made to set forth a cause of action for declaratory relief. But the declaratory relief provided for in section 1060 of the Code of Civil Procedure does not apply to a situation such as here presented. (*Dietz* v. *Zimmer*, 231 Ky. 546 [21 S. W. (2d) 999].)

The trial court entered an order in its minutes granting the motion of the defendants to strike the complaint, to quash

the service of summons and to quash an order to take depositions. No judgment for costs or otherwise was entered.

The defendants suggest that the order granting their motion is not an appealable order, but they do not urge the point. For present purposes only it will be deemed a sufficient final disposition of the cause to justify the appeal sought to be dismissed.

It appears beyond question that every act sought to be enjoined has actually taken place. The election has been held and it is not even intimated that any of the alleged deficiencies or irregularities in the presentation and certification of the recall petition prevented a full and fair vote at the recall election. The result of the election was duly canvassed and declared. The elected mayor assumed his office and has since been functioning as such. A reversal of the order would vest the trial court with no justiciable controversy in this action for the reason that what was sought to be enjoined has already been done. The nature of the action was such that when the injunctive relief therein sought was rendered inappropriate and ineffective, any further consideration of the cause as an action in injunction would be unavailing. In other words, when the event which it was sought to enjoin, that is, the election, had taken place, the remedies of the plaintiffs were removed from the field of injunctive relief and were relegated to such remedies, if any, as they might have and avail themselves of subsequent to the election. Certainly they may not, after the election has been held, still urge a court to stop it.

The foregoing conclusions are in harmony with the provisions of the Los Angeles city charter, and are supported by authorities in this state and elsewhere.

The recall of elective officers of the city of Los Angeles is provided for in sections 290 to 299 of the city charter. (Stats. 1925, p. 1117 et seq.) Subdivision (b) of section 290 provides: ''The provisions of this article [article XXVII] relating to the form and to the mode of signing initiative petitions, and to the filing, examination, certification and amendment thereof, and to the presentation of the same to the Council, shall apply to any petition filed with the City Clerk under this section, which petition shall be designated as a recall petition. The sufficiency or insufficiency of any recall petition shall not be subject to review by the Council.'' Section

273 of the same article provides for the form and the mode of signing initiative petitions, and to the filing, examination, certification and amendment thereof and to the presentation of the same to the council. That section also provides that the sufficiency or insufficiency of such initiative petitions shall not be subject to review by the council. It also contains the following provision: "After an election based on any initiative petition, the sufficiency of such petition in any respect shall not be subject to judicial review or be otherwise questioned."

There would seem to be every reason for the incorporation by reference of the sentence last quoted into the recall provisions of the charter. Whether this is done from the standpoint of strict construction may be questioned. However, the law generally supplies the reason and the authority for applying the same rule to a recall election as is applicable to an election under the initiative provisions of the charter.

In this state the case of *Bradley* v. *Voorsanger,* 143 Cal. 214 [76 Pac. 1031], would seem to be directly in point. There, as here, a taxpayer sued to enjoin the holding of an election. The defendants had judgment and the plaintiff appealed. Pending the appeal the election was held. A motion to dismiss the appeal on the ground that there was then no substantial controversy between the parties and that the appeal presented merely a moot question was granted. It was held that no judgment which could be rendered upon the appeal would afford the plaintiff any relief. (See, also, *Campbell* v. *Superior Court,* 126 Cal. App. 652 [14 Pac. (2d) 925].) In *Johnson* v. *Dosland,* 103 Minn. 147 [114 N. W. 465], an appeal was taken from a judgment in favor of the contestee candidate. The election was held and the contestee was declared elected. The court on its own motion dismissed the appeal on the ground that a reversal of the judgment would avail the appellant nothing, and that, since the election had been held, the questions presented by the appeal had become moot. (See, also, *State* v. *Duncan,* 333 Mo. 673 [63 S. W. (2d) 135] ; *People* v. *Emmerson,* 333 Ill. 606 [165 N. E. 217].)

The plaintiffs contend that the question is not moot because a consideration of the merits of the appeal would be of value to the litigants and particularly because it would

tend to insure adherence to legal procedure hereafter. It is also insisted that a dismissal would be equivalent to an affirmance of the judgment. A sufficient answer would seem to be that the time of the court should not be engaged in resolving abstract questions not directly affecting the rights of the parties, and, secondly, that there is no judgment on the merits on which a dismissal of the appeal would operate as an affirmance. The merits of the plaintiffs' alleged causes of action were not passed upon by the trial court, nor are the merits thereof determined here. A dismissal of the appeal in no way places the stamp of approval on the alleged infractions of asserted requirements of the law in bringing about the election. All that is now decided is that the controversy which the plaintiffs attempted to raise by the filing of their complaint for an injunction has, by reason of the subsequent election, faded into insubstantiality.

The motion is granted and the appeal is dismissed.

Curtis, J., Houser, J., Nourse, J., *pro tem.*, and Waste, C. J., concurred.

Rehearing denied.