[Civ. No. 7415.    Fourth Dist.    May 26, 1964.]

CITY OF CORONADO et al., Plaintiffs and Appellants, v. CHARLES J. SEXTON, as Registrar of Voters, etc., et al., Defendants and Respondents.

John R. Goodbody, City Attorney, Heller, Ehrman, White & McAuliffe, Eugene S. Clifford, M. Laurence Popofsky and John H. Cutler for Plaintiffs and Appellants.

Stanley Mosk, Attorney General, Ariel Hilton, Deputy Attorney General, Bertram McLees, Jr., County Counsel, and Joseph Kase, Jr., Deputy County Counsel, for Defendants and Respondents.

FINLEY, J. pro tem.*—This appeal is from a judgment of dismissal entered after demurrers had been sustained to the

---

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.

five counts set forth in plaintiffs' first amended complaint. Before us also is respondents' motion to dismiss the appeal which was continued to be heard and submitted at the time of the hearing and submission of the appeal.

The action concerns proceedings taken to form the San Diego Unified Port District in which appellant, City of Coronado, was sought to be included and regarding which proceedings were instituted under the provisions of the San Diego Unified Port District Act (Stats. 1962, 1st Ex. Sess., ch. 67; as amended; Stats., 1963, Reg. Sess., ch. 673).

Originally the action was commenced by the Cities of Coronado, Chula Vista and Imperial Beach in which action an injunction was sought by these cities to prevent the holding of the election required as a step in forming the district under the provisions of chapter 67. The injunction was denied and the election held resulting in a vote of approval of the formation of the district. No steps for review were taken by any of the plaintiffs. After the election was held the City of Coronado joined with R. J. Townsend, a taxpayer, and filed an amended complaint in five counts. Upon this complaint a preliminary injunction was issued restraining respondent, Charles J. Sexton, the Registrar of Voters, from certifying the result of the election and restraining the board of supervisors from making any order declaring the district formed and from taking any further steps toward the establishment of the district. General and special demurrers were filed by all defendants (respondents herein).

Following is an account, in brief, of proceedings taken in connection with the demurrers to the five counts of the complaint.

### DECEMBER 13, 1962

FIRST COUNT:

General demurrers of all defendants to the first cause of action were sustained *with* leave to amend.

SECOND COUNT:

General demurrers of all defendants were sustained *without* leave to amend.

THIRD, FOURTH & FIFTH COUNTS:

The demurrers of all defendants *excepting* the State of California were sustained *without* leave to amend. The demurrers of the State of California were overruled *without prejudice.*

At the hearing on December 13, 1962, the court also gave plaintiffs until December 17, 1962, within which to amend where amendments were allowed and also dissolved the preliminary injunction.

On December 18, respondent Sexton, Registrar of Voters, canvassed the returns and certified the election results to the board of supervisors which board then adopted its resolution setting forth the results of the election and declaring the district to have been duly formed. Under the provisions of Section 13 and 14 of the act, the district entered upon the performance of its duties.

Appellants chose not to amend their complaint, but instead filed a new and different action which we shall refer to as No. 7416, in the Superior Court of the City and County of San Francisco naming as defendants the San Diego Unified Port District, the individuals acting as commissioners of the district, and pursuant to section 6308 of the Public Resources Code, the State of California.

On December 20, 1962, plaintiffs having failed to amend where allowed in the present action, which we shall refer to as No. 7415, a judgment of dismissal of the action was entered in favor of the registrar of voters and the supervisors and on January 3, 1963, a judgment of dismissal of the first and second counts was entered in favor of the State of California. On January 4, 1963, plaintiffs filed with the trial court a request for dismissal without prejudice of all counts as to the State of California. Consequently, as to the State of California the result was judgment in its favor on counts one and two. As to counts three, four and five by reason of the dismissal filed by appellants the state ceased to be a party to the action.

The complaint in Action No. 7416 filed in San Francisco is practically identical with the amended complaint herein. Both complaints contain five counts.

The first count challenges the adequacy of petitions filed on behalf of the City of Coronado calling for the election and formation of the district. It is alleged that the petitions were void in that they were not signed by at *least 5 per cent of the voters registered for the last municipal election held in the City of Coronado* as required by section 6(a) of the Port District Act. It is stated that the insufficiency of the petitions was shown to the Board of Supervisors of San Diego County by the City of Coronado, but the board disregarded the infirmity and continued with the process of forming the district.

The second count incorporates allegations of the first cause of action and also alleges that the board of supervisors ought to have held public hearings to determine whether unincorporated territory should be included within the district.

The third count alleges that the *State of California cannot revoke the grant in trust of certain tide and submerged lands* to the City of Coronado by implementation of the Port District Act.

The fourth count alleges that the voting formula for approving the formation of the port district *violated the equal protection clause of the 14th Amendment of the U.S. Constitution,* in that the voters of the City of San Diego were given an absolute right to approve or disapprove the district, whereas the voters of Coronado were lumped together with voters of other cities and their negative vote was swallowed up by the affirmative votes of these other cities.

The fifth count is practically the same as the fourth.

The essential difference between the two actions is that No. 7415, here under consideration, was commenced before the district was formed and all proceedings took place in the trial court during the period of the district's formation. Action No. 7416 was commenced after the district had been declared formed and was functioning as such and the district and its commissioners were named parties defendant. Also in Action No. 7416 the State of California is a party defendant as to all counts. These differences must be borne in mind in considering respondents' motion to dismiss the appeal in this Action No. 7415.

Respondents' motion to dismiss is predicated upon their contention that the issues raised herein are now moot. They contend that it is too late to enjoin the formation of the district; that no other effectual relief can be granted to appellants and even if the judgments of the trial court should be reversed there is no relief available to appellants in this action. They further contend that after the district was declared formed and commenced functioning *quo warranto* became the only remedy available to contest its formation.

Appellants oppose the motion on the ground that ''significant and effective relief vital to the protection of appellants' interests may be obtained in the present action and because evaluation of the mootness contention requires consideration of the merits of the causes of action asserted in the First Amended Complaint.''

Appellants assess the first amended complaint and their request for relief thereunder as follows:

"The complaint alleges five causes of action. The first two causes challenge the execution of certain procedures prescribed by the San Diego Unified Port District Act (Stats. 1962, First Ex. Sess., chapter 67) for establishment of the District. The third cause of action alleges that the State of California, by implementation of chapter 67, is without power to revoke a tide and submerged land trust originally created by a statutory grant to the City of Coronado. The final two causes of action allege that the voting procedures established by chapter 67 violate the Equal Protection and Due Process clause of the United States Constitution in that they arbitrarily and discriminatorily classify voters in the City of Coronado in a manner different from the classification of voters in the City of San Diego.

"Injunctive relief was admittedly the primary aim of appellants when they initiated the proceedings below. If any one of the causes of action were sustained appellants prayed for a decree effectively enjoining establishment of the District. The appellants were aware, however, that injunctive relief might be denied even though a court found them legally aggrieved. Accordingly, appellants requested declaratory relief and such additional relief as might seem just and proper with respect to each and every one of the causes of action alleged in the complaint. Appellants prayed:

"3. That the Court determine the rights and duties of the plaintiff CITY OF CORONADO under the aforesaid grant in trust;

"4. That said determination be that said grant in trust remains binding upon the City of Coronado *and* that the State of California is without power to revoke said grant in trust by implementation of chapter 67 *and* that plaintiff City of Coronado may continue to discharge its fiduciary obligations to the beneficiaries of said trust;

"7. That the court make such further order and provide for such additional relief as may seem just and proper. (Italics added.)

"Appellants hereby acknowledge that the present controversy is moot with respect to the complaint's prayer for in-

junctive relief. See *Lenahan* v. *City of Los Angeles* (1939) 14 Cal.2d 128 [92 P.2d 1014] (relating solely to injunctive relief). Where, however, a complaint seeks injunctive relief together with declaratory relief and the injunctive relief features have been rendered moot by subsequent events, a court must still proceed to do complete justice by entertaining the plea for declaratory relief. *Bisno* v. *Sax* (1959) 175 Cal. App.2d 714 [346 P.2d 814]. Therefore, the issue presented by appellees' motion to dismiss is whether effective declaratory relief can be granted to appellants should the judgment below be reversed and the action remanded for trial. *Shultz* v. *O'Rourke* (1931) 118 Cal.App. 207 [4 P.2d 797]."

Appellants state in their "Points and Authorities in Opposition to Motion to Dismiss" that the State of California has not joined in the motion to dismiss the present appeal on the grounds of mootness. These points and authorities were filed on August 12, 1963. On the same day the State of California filed a "Notice of Joinder with Motion to Dismiss Appeal as Moot." The State of California is therefore a party to the motion.

Inasmuch as appellants here chose to file Action No. 7416 wherein they set forth virtually the same causes of action in the complaint very much the same as the first amended complaint filed herein we can see little merit in their contention that the relief sought in Action No. 7416 would be inadequate and that both actions should run the entire gamut of appeal. Appellants acknowledge that the controversy is moot with respect to the granting of their prayer for injunctive relief. But they maintain that they nevertheless are entitled to have entertained their plea for declaratory relief. They have not convincingly pointed out how such a declaration of rights and remedies would provide them any substantial benefit not available in Action No. 7416. The district has been formed and cannot now be dissolved through application of any theory encompassed in the remedy of declaratory relief. After formation of the district and the entry of the judgments in the trial court none of the personal respondents here had any legal interest in the subject matter of the action and declaratory relief would be fruitless. As a matter of fact appellants state in their opening brief that the "Functional role in the District's formation has terminated." Even if this court were to agree with appellants' substantive contentions, there is nothing further which the court could order the individual respondents to do. There is no present controversy with respect to future inclu-

sion of contiguous unincorporated territory. The first and second causes of action have thus been rendered moot. (*Consolidated Vultee Aircraft Corp.* v. *United Auto. etc. Workers* (1946) 27 Cal.2d 859 [167 P.2d 725]; *Lenahan* v. *City of Los Angeles* (1939) 14 Cal.2d 128 [92 P.2d 1014]; *Hidden Harbor, Inc.* v. *American Federation of Musicians* (1955) 134 Cal.App.2d 399 [285 P.2d 691].)

■ As to the State of California, the statute imposes no duties whatsoever upon the state or its officers or agencies in connection with the formation of the district or any determination concerning the inclusion therein of contiguous unincorporated territory. The court could make no declaration or grant appellants any relief which would impose any duties upon the state, determine any rights or obligations of the state, or affect any justiciable interest of the state under the allegations in counts one and two.

■ The third cause of action relates to the question of title to the tidelands and the fourth and fifth causes of action relate to the legality of the inclusion of the City of Coronado within the district. Appellants have not shown any basis upon which any available element of declaratory relief could be related to the individual respondents as to these causes of action. Appellants indicate no basis upon which any legal interest of any of the individual respondents nor the county which they represent could be founded in connection with the Coronado tidelands or in whether Coronado should or should not be included within the district and its boundaries. There is no indication as to how any declaration the court could make or any relief it could legally grant could in anywise provide appellants with any of the results they desire.

As stated above, the State of California is no longer a party to the third, fourth and fifth causes of action by reason of those counts having been dismissed by appellants as to the state. These causes of action are therefore moot as to all parties.

Appellants contend that the quo warranto "exclusivity rule" may preclude them in their appeal in Action No. 7416 from attacking the validity of the formation of the district on the basis of their first two counts and further that the judgment here may prove to be res adjudicata.

As stated above appellants chose not to amend their complaint herein as permitted, but chose instead to file a new action, No. 7416, in which virtually the same alleged causes of action are set forth. Appellants' contention that the quo

warranto "exclusivity rule" may preclude them from attacking the validity of the formation of the district on the basis of their first two counts may very well be true. But whether it is or is not true we see no remedial step open to this court which would now preserve their right of attack in this action or in Action No. 7416. ▮ We cannot revitalize the injunctive proceedings by which appellants sought to prevent the holding of the election or the canvassing of the votes and certification of the results of the election to the board of supervisors, or the action by the board in declaring the district formed. Indeed if the clock could be turned back to the time before the election was held and the injunction proceedings revitalized the trial court still could not legally grant the injunction sought by appellants. A similar situation was before the court in *People* ex rel. *Attorney General* v. *Board of Supervisors,* 75 Cal. 179 [16 P. 776]. That case also involved action by a board of supervisors in calling an election based upon a petition, the legality of which was questioned. A portion of the opinion reads as follows: "We do not deem it necessary to go into the matter as to whether the board of supervisors did or did not legally order the election to be held. . . .

"In this case the board of supervisors acted on what appeared to them a legal petition as prescribed by law; they ascertained to their satisfaction that the requisite number of qualified electors had signed that petition, which they believed to have been duly and legally presented to them for their action. They took action thereon as petitioned, and ordered the election. The election was then held in due form of law, and two-thirds of the legal voters of the County voting on the proposition voted in favor of . . . [it]. No objection was made to anything pertaining to the whole matter until after the election had been thus held. . . .

"[W]e think it would be a most dangerous interference by the courts to prevent [the board of supervisors] from performing a legal duty, and in effect, to determine the result of a contested election, in this action for an injunction."

On this point see also *Wright* v. *Jordan,* 192 Cal. 704, 710 [221 P. 915]; *Drumhiller* v. *Wright,* 64 Cal.App. 498, 501-502 [222 P. 166]; *Randolph* v. *County of Stanislaus,* 44 Cal. App. 322 [326 P. 625]; *Santa Clara County* v. *Superior Court,* 33 Cal.2d 552 [203 P.2d 1].

▮ Appellants concede that their quest for injunctive relief perished with the formation of the district. Herein they sought no equitable remedy other than injunctive relief

and declaratory relief. They cannot at this point complain if other avenues of possible relief once open are now closed to them.

■ The district is now an actuality clothed with the protective aura of the quo warranto "exclusivity rule." (*Santa Clara County* v. *Superior Court, supra,* and *County of Santa Clara* v. *Hayes Co.* (1954) 43 Cal.2d 615, 617-618 [275 P.2d 456].) Appellants argue that they should not be bound by this rule by reason of the fact that the State of California was a party to this action, is a party defendant as to all counts in Action No. 7416 and furthermore that the state is represented by the Attorney General within whose legal discretion lies the granting or withholding of the remedy of quo warranto. But appellants have not shown us by what means we could provide a legal avenue of escape from the "exclusivity rule" on that account. ■ It cannot be assumed in any court that because the state is a party to a judicial proceeding, or because the Attorney General represents the state as its legal representative, in a related matter calling for the exercise of an exclusive discretion the legal rights of a litigant will receive prejudiced or unfair consideration or treatment. The good faith of the sovereign cannot be impugned.

■ Since the district has been formed much of appellants' controversy is now with the district unless and until in a quo warranto proceeding the legal formation of the district should be denied and its existence extinguished. Unless this should occur the district as well as the state are necessary parties in a determination of title to the tidelands.

Litigants are entitled to their full day in court and in their pursuit of that which they desire in the way of relief are entitled to have all reasonable legal avenues left open to them. On the other hand, the time and processes of our court system are much too important to the many who wait adjudication of their legal problems to permit any unwarranted imposition upon their time or consideration. ■ In the case of *Consolidated Vultee Aircraft Corp.* v. *United Auto. etc. Workers* (1946) 27 Cal.2d 859, 863 [167 P.2d 725], the court quotes with approval the following language from *Mills* v. *Green* (1895) 159 U.S. 651, 653 [16 S.Ct. 132, 40 L.Ed. 293] : "[T]he duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or

rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, *an event occurs which renders it impossible for this court, if it should decide the case in favor of plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal.''* (Italics added.)

It is our desire here to leave appellants free to pursue every legal approach over which they may choose to seek redress. We find that all issues sought to be presented for determination in this appeal are now moot and that the appeal should be dismissed. *(Consolidated Vultee Aircraft Corp.* v. *United Auto. etc. Workers, supra* (1946) 27 Cal.2d 859 [167 P.2d 725] ; *Mills* v. *Green, supra,* 159 U.S. 651 [16 S.Ct. 132, 40 L.Ed. 293].) But in order to accord appellants the opportunity to exploit each of their claimed legal rights and in ordering the appeal dismissed as moot, we further order as an integral part thereof, and as requested by appellants, that the action be remanded to the trial court with instructions to vacate the judgments upon assurance of dismissal of the complaint by appellants.

The motion to dismiss is granted.

Griffin, P. J., and Coughlin, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 22, 1964.