[Sac. No. 3670. In Bank.—September 30, 1925.]

THE DEPARTMENT OF PUBLIC WORKS OF THE STATE OF CALIFORNIA, DIVISION OF WATER RIGHTS, et al., Petitioners, v. THE SUPERIOR COURT OF THE COUNTY OF SISKIYOU et al., Respondents.

[1] WATER COMMISSION ACT—TIME FOR APPLICATION OF APPROPRIATED WATER — ISSUANCE OF CERTIFICATE — WRIT OF REVIEW — JURISDICTION.—The superior court has no jurisdiction to entertain and determine a petition for a writ of review to review the action of the Division of Water Rights of the Department of Public Works of the state of California in issuing a certificate under section 12 of

the Water Commission Act, prescribing the time within which the full amount of water appropriated shall be applied to a useful or beneficial purpose.

[2] ID.—CERTIORARI—JURISDICTION OF THE SUPERIOR COURT—CONSTITUTION.—The jurisdiction of the superior court of proceedings in *certiorari* is conferred by the constitution and is to be exercised as provided in the Code of Civil Procedure (Const., sec. 5, art. VI; Code Civ. Proc., secs. 1067–1077), and the inferior tribunal, board, or officer must exercise a judicial function in the matter sought to be reviewed and must have exceeded its or his jurisdiction in such matter.

[3] ID.—DETERMINATION OF DIVISION OF WATER RIGHTS—NONJUDICIAL FUNCTION.—The action of the Division of Water Rights of the Department of Public Works of the state of California in passing upon the petition of an appropriator of water, under section 12 of the Water Commission Act (Stats. 1913, p. 1012) for a certificate prescribing the time within which the full amount of appropriated water shall be applied to a useful and beneficial purpose, and in determining that "due diligence" and "good faith" have been exercised by the appropriator and that there has been "good cause shown" for the issuance of the certificate is not the exercise of a judicial function.

[4] ID.—JUDICIAL POWER—POWER OF LEGISLATURE—CONSTITUTION.—Under section 1 of article VI of the constitution the legislature is without authority to give judicial power to any general state board or tribunal; except for local purposes the section disposes of the whole judicial power of the state and vests all of it in the courts expressly named therein, leaving none at the disposal of the legislature.

[5] ID.—CONSTRUCTION OF WATER COMMISSION ACT—CONSTITUTIONALITY OF.—It was not intended by the legislature in enacting section 12 of the Water Commission Act to confer any judicial power on the Division of Water Rights of the Department of Public Works of the state of California, and therefore the section is not violative of the constitution.

[6] ID.—SECTION 12 OF WATER COMMISSION ACT—CONSTRUCTION OF.—Under section 12 of the Water Commission Act there is no right of review in the courts of the action of the Division of Water Rights of the Department of Public Works of the state of California, and the omission to provide for such review must be deemed to have been intended.

[7] ID.—PROHIBITION—WHEN LIES.—While the superior court in exercising its constitutional jurisdiction in *certiorari* has the power to

2.   See 4 Cal. Jur. 1022; 5 R. C. L. 253.
4.   See 5 Cal. Jur.   683; 6 R. C. L. 172.
7.   See 21 Cal. Jur. 594.

decide in the first instance whether or not any one of the elements essential to the proper determination of a proceeding for a writ of review before it is present, when it appears as a matter of law on the face of the record that that court could make no valid disposition of the proceeding before it except to dismiss the same, the supreme court will issue a writ of prohibition in order that the petitioners be not put to the expense and annoyance of perfecting a voluminous return and attending what would undoubtedly be a protracted hearing at a place far removed from their headquarters, as under such circumstances the remedy by appeal would not be plain, speedy and adequate.

(1) 40 Cyc., p. 815, n. 72.    (2) 11 C. J., p. 121, n. 51.    (3) 11 C. J., p. 124, n. 10 New.    (4) 12 C. J., p. 808, n. 91.    (5) 40 Cyc., p. 815, n. 63.    (6) 40 Cyc., p. 815, n. 72.    (7) 32 Cyc., p. 617, n. 17.

APPLICATION for a Writ of Prohibition to restrain the Superior Court of Siskiyou County from proceeding with a hearing of a petition for a Writ of Review. Walter E. Herzinger, Judge. Writ granted.

The facts are stated in the opinion of the court.

Spencer Burroughs for Petitioners.

Robert D. Duke, C. F. Holland and Chas. L. Gilmore for Respondents.

THE COURT.—This is an application for a writ of prohibition to restrain the respondents from proceeding with the hearing and determination of a petition for a writ of review pending in the respondent court.

It is alleged in the petition that Frank and Carl Langford, on the twelfth day of September, 1908, duly posted a notice of appropriation of the running water of the Klamath River to the extent of 500,000 inches, measured under a four-inch pressure (10,000 second-feet), and on the eighteenth day of the same month recorded a copy of the notice in the office of the recorder of Siskiyou County; that said appropriation was maintained according to law and was, on July 21, 1922, transferred to Electro Metals Company, a trust organization, which is the present owner and holder thereof; that on November 17, 1922, the said Electro Metals Company filed an application under section 12 of the Water Commission Act (Stats. 1913, p. 1012) in the office of the

Division of Water Rights in the Department of Public Works for a certificate prescribing the time within which the full amount of its acquired water appropriation should be applied to a useful and beneficial purpose; that after due investigation the Division of Water Rights found that said applicant and its predecessors in interest had proceeded with due diligence, in proportion to the magnitude of the project, to carry on the work necessary to put 3,000 cubic feet per second of the water of the Klamath River to beneficial use under said notice of appropriation, and for good cause shown, and as provided by law, duly issued, under date of July 19, 1923, a certificate to said Electro Metals Company prescribing the time for the complete application of the 3,000 cubic feet of water per second theretofore appropriated to beneficial use for hydroelectric power purposes; that on the eighteenth day of August, 1923, a petition for a writ of review was filed in the respondent court, entitled "*The Klamath River Packers Association, a Corporation, Plaintiff,* v. *The Department of Public Works, Division of Water Rights, Defendant,*" and wherein the action of the defendant therein named in issuing the said certificate was sought to be reviewed; that the respondent court issued the writ of review fixing a time and place for the return thereof; that a copy of the writ was served on petitioners, at whose instance a motion to quash the writ, duly noticed, was, on November 6, 1923, heard by the respondent court and denied. Following the denial of the motion to quash, the petition herein was filed. An alternative writ was issued. On behalf of the respondent a general demurrer to the petition and an answer were filed at the same time.

[1] The sole question for determination is whether the respondent court has jurisdiction to entertain and determine a petition for a writ of review affecting the action of the Division of Water Rights in issuing a certificate under section 12 of the Water Commission Act. That section, so far as pertinent here, provides: "The state water commission, shall have authority to, and may, for good cause shown, upon the application of any appropriator or user of water under an appropriation made and maintained according to law prior to the passage of this act, prescribe the time within which the full amount of the water appropriated shall be applied to a useful or beneficial purpose; *provided,* that said

appropriator or user shall have proceeded, with due diligence in proportion to the magnitude of the project, to carry on the work necessary to put the water to a beneficial use; and in determining said time said commission shall grant a reasonable time after the construction of the works or canal or ditch or conduit or storage system used for the diversion, conveyance or storage of water; and in doing so said commission shall also take into consideration the cost of the application of such water to the useful or beneficial purpose, the good faith of the appropriator, the market for water or power to be supplied, the present demand therefor, and the income or use that may be required to provide fair and reasonable returns upon the investment and any other facts or matters pertinent to the inquiry. Upon prescribing such time the state water commission shall issue a certificate showing its determination of the matter. For good cause shown, the state water commission may extend the time by granting further certificates. And, for the time so prescribed or extended, the said appropriator or user shall be deemed to. be putting said water to a beneficial use. . . . ''

Following its consideration of the matters involved in said section 12, and pursuant to said application, the Division of Water Rights, which is the successor of the State Water Commission, issued the following certificate: ''This is to certify that the division of water rights has considered the work done by the Electro Metals Company of San Francisco, California, in appropriating three thousand (3,000) cubic feet per second of the waters of the Klamath river for hydroelectric purposes under a notice of appropriation dated September 12, 1908, and recorded in book 6 of water rights at page 340 of the records of the county recorder of Siskiyou County, California, and as the division of water rights has determined that such works have been prosecuted with due diligence it hereby fixes the time within which the full amount of water appropriated shall be applied to a useful or beneficial purpose as ending August 1st, 1929.''

It is contended by the petitioners herein that the respondent court has no jurisdiction to entertain and determine the writ of review for the reason that section 12 contains no provision for such a review by the court. It is pointed out that numerous other sections of the act provide specifically for a review by or relief in the courts after

action taken by the Division of Water Rights, and it is urged that because the legislature has omitted to provide for a review of the action under section 12 the rule of *expressio unius est exclusio alterius* should be applied and the respondent court be denied jurisdiction in the matter pending before it. It is the position of the respondents that in entertaining an application pursuant to section 12 and issuing a certificate thereunder the petitioners were exercising a judicial function and that therefore the respondent court has jurisdiction to entertain the proceeding for a writ of review here brought in question. In order clearly to understand these contentions it is necessary to define the nature of the review proceedings which each party has in mind. It is undeniable that the writ of review pending in the respondent court and to prohibit the determination of which the present proceeding was brought is a proceeding such as is authorized by the constitution and statutes and commonly known as *certiorari* (Const., sec. 5, art VI; Code Civ. Proc., secs. 1067–1077). On the other hand, the writ of review in the respondent court, which the petitioners claim the legislature has impliedly denied or not provided for in section 12, is a statutory review under the Water Commission Act. [2] As to the former, the jurisdiction of the superior court is conferred by the constitution and is to be exercised as provided in the Code of Civil Procedure. The constitutional provision, together with the sections of the code referred to, are but an affirmance of the common-law jurisdiction of the court in *certiorari* (4 Cal. Jur. 1020). Certain essentials to the proper exercise of the power to issue and determine such a writ must concur (*Quinchard* v. *Board of Trustees,* 113 Cal. 664 [45 Pac. 856]). Under section 1068 of the Code of Civil Procedure the inferior tribunal, board, or officer must exercise a judicial function in the matter sought to be reviewed and must have exceeded its or his jurisdiction in such matter. Also, there must be no appeal from the action complained of, nor, in the judgment of the court, any plain, speedy, and adequate remedy. By section 1069 the application must be made on the verified petition of a party beneficially interested.

[3] It is apparent that at least one of those essentials is and was not present when the respondent court issued the writ of review, namely, the exercise by the petitioners of

a judicial function. This is true for the reason that it was not within the power of the legislature to vest judicial power in the petitioners. Their authority under the Water Commission Act is state-wide. [4] Under section 1 of article VI of the constitution "the legislature would be without authority to give judicial power to any general state board or tribunal. Except for local purposes the section disposes of the whole judicial power of the state and vests all of it in the courts expressly named therein, leaving none at the disposition of the legislature" (*Pacific Coast Casualty Co.* v. *Pillsbury*, 171 Cal. 319 [153 Pac. 24]; *Western Metal Supply Co.* v. *Pillsbury*, 172 Cal. 407 [Ann. Cas. 1917E, 390, 156 Pac. 491]; see, also, concurring opinion of Mr. Chief Justice Shaw in *Tulare Water Co.* v. *State Water Com.*, 187 Cal. 533 [202 Pac. 874]), and in no other section of the constitution do we find authority in the legislature to vest judicial power in the petitioners under the Water Commission Act. The cases of *Imperial Water Co.* v. *Board of Supervisors*, 162 Cal. 14 [120 Pac. 780], and other cases of like import and relied on by the respondents are not in point because they involved the scope or validity of judicial powers exercised by local tribunals, boards, or officers whose jurisdiction was limited to incorporated cities, towns, townships, counties, or cities and counties and did not involve the authority of any tribunal, board or officer exercising judicial powers and having state-wide jurisdiction.

The respondents insist that the petitioners act judicially when they determine under section 12 that "due diligence" and "good faith" have been exercised by an appropriator, and that there has been "good cause shown" for the issuance of the certificate. In a certain sense the determination of those matters involves the weighing of facts and arriving at conclusions from those facts and while such matters are common in a judicial proceeding we think their determination under that section is of an administrative or ministerial character only. The section provides for no notice to parties interested, contains no provision for a hearing or for procedure looking to the adjudication of the rights of anyone. The conclusions which the petitioners arrive at under whatever investigation they may see fit to make pursuant to the application are merely for their own guidance in the administration of their duties under the section. Their con-

clusions and determinations in that respect are ineffectual for any other purpose and their action under the section does not constitute a hearing and a determination of a controversy in a judicial sense (*French* v. *Cook*, 173 Cal. 126 [160 Pac. 411]). To hold that section 12 confers any judicial power on the petitioners would, of course, be tantamount to holding said section unconstitutional to that extent. [5] We think it was not intended by the legislative branch in the enactment of that section to confer any judicial power on the petitioners and, therefore, conclude that the section is not violative of the organic law. As the petitioners do not, and could not under the constitution as now framed, exercise judicial functions, it follows that the proceeding for the writ of review pending in the respondent court lacks one of the elements essential to its proper determination.

The review, which the petitioners contend the legislative branch has impliedly denied to the respondent court, is such a review as is provided for in other sections of the Water Commission Act. Such, for instance, as is provided in section 1b wherein any person interested in an application for a permit to appropriate water or any party protestant may obtain a review of the action of the commission in issuing or refusing to issue a permit for such appropriation. This section was added in 1923 (Stats. 1923, p. 162) after the decision by this court in the case of *Tulare Water Co.* v. *State Water Com.*, *supra*, wherein it was held that the consideration of an application for an appropriation of water under section 15 of the act did not call for the exercise of a judicial function and that *mandamus* would lie to compel the issuance of the permit. Again, in section 18, a court review is provided for in connection with an order revoking the approval of an application for a permit to use unappropriated water or water which, having been appropriated, has found its way back into the stream, lake, or other body of water. Also a court review is provided for in section 19, where the commission has determined that work performed by the holder of a permit has not been completed in conformity with law. And, still again, section 36b (Stats. 1917, p. 236), provides for a court review of a determination by the commission of the rights of various claimants of the waters of a stream based upon prior appropriations. Section 36f provides that the commission shall have authority

after notice and a hearing to fix a time limit for the completion of an appropriation of water where such rights of appropriation were initiated prior to the adoption of the Water Commission Act. A review of a determination under section 36f is provided for but such review is confined to the procedure outlined in section 36b of the act. The powers of the commission under sections 12 and 36f are similar in this that both sections authorize the commission to fix a time limit for the completion of appropriations of water made prior to the adoption of the act, but admittedly the application involved in the proceeding pending in the respondent court was made under section 12. No court review is there provided for and no proceedings for such a review elsewhere found in the act can be made applicable thereto. It may here be said that if and when a judicial review is provided for in the act itself it has been held, under similar constitutional and statutory provisions, that the action of the state officers made reviewable is not determinative of property rights. Their function is similar to that of a referee whose determination is not binding except upon approval of the court (*Stuart* v. *Norviel,* 26 Ariz. 493 [226 Pac. 908]). [6] Reference to other sections of the Water Commission Act and to the right of review thereunder has been made merely for the purpose of indicating that under section 12 there is no right of review in the courts and the omission to provide for such review must be deemed to have been intended. It must, therefore, be concluded that no right to a review of the action of the petitioners under a section 12 application is provided for in the Water Commission Act. It must also be concluded that the proceeding in *certiorari* pending in the respondent court is and will be ineffectual as a basis either for affirming or modifying or annulling the action of the petitioners in the premises. [7] While it is true that the respondent court in exercising its constitutional jurisdiction in *certiorari* would have the power to decide in the first instance whether or not any one of the elements essential to the proper determination of the proceeding were present, we think that when it appears as a matter of law on the face of the record before us, and it does so appear, that the respondent court could make no valid disposition of the proceeding before it except to dismiss the same we are disposed to issue the writ to the end that the petitioners

be not put to the expense and annoyance of perfecting a voluminous return and attending what would undoubtedly be a protracted hearing in Siskiyou County, a county far removed from their headquarters. Under such circumstances we are satisfied that the remedy by appeal would not be plain, speedy, and adequate. (*Davis* v. *Superior Court,* 184 Cal. 691 [195 Pac. 390]; *Consolidated etc. Co.* v. *Superior Court,* 189 Cal. 92 [207 Pac. 552]; *A. G. Col Co.* v. *Superior Court,* 196 Cal. 604 [238 Pac. 926].)

The demurrer to the petition is overruled. The answer raises no issues of fact which, if resolved in respondents' favor, would justify a denial of the writ. Let the peremptory writ of prohibition issue.