[Civ. No. 5223.    Second Appellate District, Division One.—December 23, 1925.]

VAN CAMP SEA FOOD COMPANY, INC. (a Corporation), Petitioner, v. FISH AND GAME COMMISSION et al., Respondents.

[1] Fish and Game Commission—Judicial Powers—Constitutional Law.—In the absence of a special constitutional provision conferring such power, an act of the legislature attempting to create judicial powers in a state board, such as the Fish and Game Commission, is in contravention of section 1 of article VI of the constitution and, therefore, invalid.

[2] Id.—Judicial Powers of State—Disposition by Legislature.— Under section 1 of article VI of the constitution the legislature

--------

1.  See 5 Cal. Jur. 676; 6 R. C. L. 172.
2.  See 5 Cal. Jur. 672.

is without authority to give judicial power to any general state board or tribunal, and except for local purposes said section disposes of the whole judicial power of the state and vests all of it in the courts expressly named therein, leaving none at the disposal of the legislature.

[3] Id.—Absence of Judicial Functions—Certiorari.—A commission like the Fish and Game Commission, that is, one having state-wide jurisdiction, as distinguished from a local board, cannot be invested with judicial functions; and, therefore, a writ of *certiorari* will not lie to review an order of the Fish and Game Commission made pursuant to the act of the legislature relating to the manufacture of fish fertilizer (Stats. 1925, p. 595).

(1) 12 **C. J.**, p. 902, n. 33; 26 **C. J.**, p. 635, n. 6.  (2) 12 **C. J.**, p. 873, n. 85, p. 903, n. 60.  (3) 11 **C. J.**, p. 134, n. 96 New.

PROCEEDING in Certiorari to review an order of the Fish and Game Commission. Writ discharged.

The facts are stated in the opinion of the court.

William A. Alderson and Fredericks & Hanna for Petitioner.

B. D. Marx Greene for Respondents.

HOUSER, J.—From the petition presented herein it appears that the business of petitioner includes that of canning sardines and manufacturing fertilizer as a by-product of its fish canning industry; that in accordance with the provisions of the statute of this state enacted at the session of the legislature in 1925 (Stats. 1925, p. 595), petitioner made application to the respondent Fish and Game Commission for the purpose of having determined by said Commission the monthly capacity of the packing plant of said petitioner, to the end that its right to manufacture therein the maximum quantity of fish fertilizer as provided by the terms of the statute might also be determined and certified by said Commission; that in accordance with the prayer of said application a hearing was had before said Commission, and thereupon it made certain findings of fact from which certain conclusions were deduced and which resulted in an order being made by said Commission authorizing petitioner, ''while actually

engaged in packing sardines a monthly allowance of sardines to be used in its reduction plant of forty-five hundred (4500) tons for each calendar month, based upon its aforesaid canning capacity of 18,000 tons per month, and being twenty-five per cent (25%) of the monthly capacity of the packing plant.

"This order is made subject to the regulations required by the Fish and Game Commission's General Order No. 1, which order is made a part of this order."

"General Order No. 1," referred to in said order of the Commission, among other things, contained the following provision:

"In order to determine whether a packer is actually engaged in packing sardines, this Commission will require that for each ton of sardines received by a packer during a calendar month he shall produce fifteen (15) cases of one pound ovals (48 cans to the case), or the equivalent if other size cans are used."

It is contended by petitioner that that part of the order of the Commission contained in "General Order No. 1" was in excess of the jurisdiction of the Commission and consequently void.

To the petition for the writ of *certiorari* the respondent Commission has interposed a demurrer on the ground that said petition does not state facts sufficient to constitute a cause of action or to authorize the issuance of the writ. In that connection the principal point relied upon by respondent is that the writ will lie only as against "an inferior tribunal, board or officer exercising judicial functions," as provided by section 1068 of the Code of Civil Procedure; and that respondent Commission was not, in said matter, exercising any judicial function.

Assuming for the purposes of this case only (but without deciding the point), that in the performance of the acts heretofore set forth the respondent Commission was attempting to exercise at least *quasi*-judicial functions, the question to be determined is whether the respondent Commission had the lawful power to exercise such functions.

The matter is primarily regulated by the provisions of section 1 of article VI of the constitution relating to judicial powers, which provides: "The judicial power of the state shall be vested in the senate, sitting as a court

of impeachment, in a supreme court, district courts of appeal, superior courts and such inferior courts as the legislature may establish in any incorporated city or town, township, county, or city and county."

Consideration of the constitutional provision has been frequently before the appellate courts of this state, wherein orders made by different state commissions and local boards have been reviewed. As affecting solely the police power of the state, it has been held that the orders of a commission having a state-wide jurisdiction, exercising powers *quasi*-judicial in their nature, and local boards such as boards of supervisors, acting in a judicial capacity in hearing and determining questions such, for example, as involving the organization of irrigation districts, were not in violation of the constitutional provision. (*County of Los Angeles* v. *Spencer,* 126 Cal. 670 • [77 Am.. St. Rep. 217, 59 Pac. 202]; *Ex parte Whitley,* 144 Cal. 167 [Ann. Cas. 13, 77 Pac. 879]; *Imperial Water Co.* v. *Board of Supervisors,* 162 Cal. 14 [120 Pac. 780]; *Suckow* v. *Alderson,* 182 Cal. 250 [187 Pac. 965]; *Brecheen* v. *Riley,* 187 · Cal. 121 [200 Pac. 1042]; *Gregory* v. *Hecke,* 73 Cal. App. 268 [238 Pac. 787, 793].)

But in contrast with the foregoing decisions we find the cases of *Pacific Coast Casualty Co.* v. *Pillsbury,* 171 Cal. 319 [153 Pac. 24], and *Western Metal Supply Co.* v. *Pillsbury,* 172 Cal. 407 [Ann. Cas. 1917E, 390, 156 Pac. 491], where in substance it was held that it was only under a special and independent constitutional provision that the Industrial Accident Commission was empowered to exercise judicial functions. **[1]** It is there pointed out that, in the absence of a special constitutional provision conferring such power, an act of the legislature attempting to create judicial powers in a state board, such as the Fish and Game Commission, would be invalid. In the former case (171 Cal. 319 [153 Pac. 24]), in speaking of the constitutional provision heretofore quoted herein, the court said: **[2]** "Under this provision the legislature would be without authority to give judicial power to any general state board or tribunal. Except for local purposes the section disposes of the whole judicial power of the state and vests all of it in the courts expressly named therein, leaving none at the disposal of the legislature."

[3] The latest expression on the subject by the supreme court, contained in the case of *Department of Public Works, etc.,* v. *Superior Court,* 197 Cal. 215 [239 Pac. 1076], is to the effect that a Commission like the respondent herein, that is, one having state-wide jurisdiction, as distinguished from a local board, cannot be invested with judicial functions for the reason that, "except for local purposes," section 1 of article VI of the constitution confines all judicial power to certain specified courts.

That case, which appears to be controlling in its effect, so far as the issue here involved is concerned, was a proceeding for a writ of prohibition to restrain the respondent superior court from proceeding with the hearing and determination of a petition for a writ of review.

It appears that, acting under the authority contained in the Water Commission Act (Stats. 1913, p. 1012), the department of public works, division of water rights, which, like respondent herein, was a state commission, after pursuing certain procedure provided in the act, had issued its certificate to the applicant for the appropriation of water. Upon application made to the respondent therein, the superior court issued its writ of review concerning the right of said commission to issue said certificate, fixing a time and place for the return of the writ. In deciding whether a writ of prohibition would lie restraining said superior court from proceeding with the hearing and determination of the petition for the writ of review, following a statement that the sole question for determination was whether the respondent superior court had jurisdiction to entertain and determine a petition for a writ of review under section 12 of the Water Commission Act, and after making a statement as to the general requirements necessarily precedent to the issuance of such a writ, the court said:

"It is apparent that at least one of those essentials is and was not present when the respondent court issued the writ of review, namely, the exercise by the petitioners of a judicial function. This is true, for the reason that it was not within the power of the legislature to vest judicial power in the petitioners. Their authority under the Water Commission Act is statewide. Under section 1 of article VI of the Constitution: 'The legislature would be without

authority to give judicial power to any general state board or tribunal. Except for local purposes, the section disposes of the whole judicial power of the state and vests all of it in the courts expressly named therein, leaving none at the disposition of the legislature.' (*Pacific Coast Casualty Co.* v. *Pillsbury,* 171 Cal. 319 [153 Pac. 24]; *Western Metal Supply Co.* v. *Pillsbury,* 172 Cal. 407 [Ann. Cas. 1917E, 390, 156 Pac. 491]. See, also, concurring opinion of Mr. Chief Justice Shaw in *Tulare Water Co.* v. *State Water Com.,* 187 Cal. 533 [202 Pac. 874].)

"And in no other section of the constitution do we find authority in the legislature to vest judicial power in the petitioners under the water commission act. The cases of *Imperial Water Co.* v. *Board of Supervisors,* 162 Cal. 14 [120 Pac. 780], and other cases of like import and relied on by the respondents are not in point, because they involved the scope or validity of judicial powers exercised by local tribunals, boards or officers whose jurisdiction was limited to incorporated cities, towns, townships, counties, or cities and counties, and did not involve the authority of any tribunal, board, or officer exercising judicial powers and having statewide jurisdiction."

A decision on certain incidental questions raised by the parties herein becomes unnecessary. It is ordered that the demurrer to the petition be and it is sustained, and that the writ heretofore issued shall be and it is discharged.

Conrey, P. J., and Curtis, J., concurred.