[S. F. No. 12323. In Bank.—January 20, 1927.]

GLOBE COTTON OIL MILLS, Petitioner, v. I. ZELLERBACH et al., Members of the Fish and Game Commission, etc., Respondents.

[1] FISH AND GAME COMMISSION—JURISDICTION—REGULATION OF FISH AND GAME—ADMINISTRATIVE POWER—JUDICIAL DEPARTMENT.—The granting of power to the Fish and Game Commission of California to hold hearings and determine facts incidental to the regulation of fish and game, and to the granting of permits to take and use fish, is valid as an administrative or regulatory power, and in nowise transgresses upon the exclusive functions of the judicial department.

(1) 12 C. J., p. 809, n. 96; 26 C. J., p. 625, n. 2.

APPLICATION for a Writ of Mandate to require the Fish and Game Commission to act upon an application for a permit. Writ granted.

The facts are stated in the opinion of the court.

John L. Dyer and Warren H. Pillsbury for Petitioner.

B. D. Marx Greene for Respondents.

THE COURT.—Upon submission of the cause in open court the Chief Justice announced the decision of the court as follows:

The petitioner, owning and operating a fish reduction plant at Terminal Island, San Pedro Harbor, seeks a writ

of mandate to compel the respondent Fish and Game Commission to set for hearing and to act on the application filed with the Commission by petitioner for a permit authorizing it to use in its plant the quantity of fish designated in the application, for the purposes therein specified.  The Commission has refused to entertain jurisdiction of the application upon the ground that it is a nonjudicial body, and that to act as requested by the petitioner would be to exercise judicial functions.  In assuming this position the respondent relies upon *Van Camp Sea Food Co.* v. *Fish & Game Com.,* 75 Cal. App. 764 [243 Pac. 702], in which it was held that a Commission like the Fish and Game Commission, which is one having a state-wide jurisdiction, as distinguished from a local board, cannot be invested with judicial functions, for the reason that, ''except for local purposes,'' section 1 of article VI of the constitution confines all judicial power to certain specified courts.

[1]   This court is of the view, however, that, admitting that the Fish and Game Commission cannot be granted any power which constitutionally belongs exclusively to the judicial department of the state government, the granting of power to hold hearings and determine facts incidental to the regulation of fish and game, and to the granting of permits to take and use fish, is valid as an administrative or regulatory power, and in nowise transgresses upon the exclusive functions of the judicial department.

Let the writ of mandate issue as prayed for.