[S. F. No. 15528. In Bank.—June 23, 1936.]

STANDARD OIL COMPANY OF CALIFORNIA (a Corporation), Petitioner, v. STATE BOARD OF EQUALIZATION, Respondent.

558

Pillsbury, Madison & Sutro for Petitioner.

Henley C. Booth, as *Amicus Curiae* on Behalf of Petitioner.

U. S. Webb, Attorney-General, H. H. Linney, Deputy Attorney-General, Roger J. Traynor and Frank M. Keesling for Respondent.

WASTE, C. J.—Petitioner seeks a writ of review for the purpose of determining the validity of an order of the respondent State Board of Equalization imposing upon it an additional assessment of retail sales tax for a designated

period. This proceeding was instituted under section 33 of the Retail Sales Tax Act (Stats. 1933, p. 2599, and amendments thereto) which provides that "Every order, decision or other official act of the board shall be subject to review . . . in accordance with the provisions of Ch. I, Title I of Part III of the Code of Civil Procedure . . . " The designated portion of the Code of Civil Procedure regulates the procedure incidental to applications for, and the petitioner here seeks, the constitutionally authorized and commonly known writ of *certiorari*.

Upon the oral argument it was suggested to counsel by the court that we were confronted at the threshold of this proceeding with a jurisdictional question addressed to the legislative propriety of providing, in the absence of constitutional authority, a proceeding of the type contemplated by section 33 of the act. In reply to this suggestion the attorney-general, appearing for and on behalf of the respondent board, merely states in his brief filed since the argument that he "is in full accord with petitioner's position that this court may review a decision by respondent made in pursuance of its authority as a taxing board, and that the performance of judicial and *quasi*-judicial acts by the board is not in conflict with . . . section 1 of Article VI of the Constitution of the State of California". We cannot share in or accept the concession of the attorney-general. Of course, it is elementary that the parties cannot confer jurisdiction.

Concisely stated, our conclusion that we are without authority or jurisdiction to entertain this proceeding or to issue the writ here sought, is based upon the established premises that a writ of *certiorari*, commonly referred to as a writ of review, will lie only to review the exercise of judicial functions (sec. 1068, Code Civ. Proc.) and that the legislature is without power, in the absence of constitutional provision authorizing the same, to confer judicial functions upon a state-wide administrative agency of the character of the respondent.

While some uncertainty, and perhaps confusion, exists in the decisions upon this subject, the better reasoned cases are in accord with our conclusion herein. We shall not undertake to distinguish or reconcile the many cases. The principle that the legislature may not, in the absence of constitutional authority, confer judicial power upon state-wide boards

or commissions found expression in *Pacific Coast Cas. Co. v. Pillsbury,* 171 Cal. 319, 322 [153 Pac. 24], in *Western Metal Supply Co.* v. *Pillsbury,* 172 Cal. 407, 413 [156 Pac. 491, Ann. Cas. 1917E, 390], and in *Carstens* v. *Pillsbury,* 172 Cal. 572, 579 [158 Pac. 218], where it is held, in effect, that the authority of the legislature to confer judicial power upon the Industrial Accident Commission is derived wholly from the provisions of section 21 of article XX of the Constitution and that such commission has only such judicial powers as are expressly conferred by the Constitution.

In *Tulare Water Co.* v. *State Water Com.,* 187 Cal. 533, 542 [202 Pac. 874], the concurring opinion of Chief Justice Shaw points out that in the absence of constitutional provision judicial functions cannot be conferred on the state water commission and hence *certiorari* will not lie to review its rulings and orders.

The decision in *Dominguez L. Corp.* v. *Daugherty,* 196 Cal. 468, 482 [238 Pac. 703], declares, in substance, that the commissioner of corporations exercises discretionary administrative functions and does not exercise judicial powers.

In *Department of Public Works* v. *Superior Court,* 197 Cal. 215 [239 Pac. 1076], it is held that a commission (division of water rights) having state-wide jurisdiction, like the respondent herein, as distingushed from a local board, cannot be invested with judicial functions for the reason that, "except for local purposes", section 1 of article VI of the Constitution confines all judicial power to certain specified courts. The cited case was a proceeding for a writ of prohibition to restrain the respondent superior court from proceeding with the hearing and determination of a petition for a writ of review. It appears that, acting under the authority contained in the Water Commission Act (Stats. 1913, p. 1012), the department of public works, division of water rights, which, like respondent herein, was a state-wide agency, had issued its certificate to the applicant for the appropriation of water. Upon application made to the respondent therein, the superior court issued its writ of review concerning the right of said commission to issue said certificate, fixing a time and place for the return of the writ. In issuing a writ of prohibition restraining the superior court from proceeding with the hearing and determination of the review proceeding, following a statement that the sole question for determina-

tion was whether the respondent superior court had jurisdiction to entertain and determine a petition for writ of review under section 12 of the Water Commission Act, and after making a statement as to the general requirements necessarily precedent to the issuance of such a writ, this court declared:

"It is apparent that at least one of those essentials is and was not present when the respondent court issued the writ of review, namely, the exercise by the petitioners of a judicial function. This is true for the reason that it was not within the power of the legislature to vest judicial power in the petitioners. Their authority under the Water Commission Act is state-wide. Under section 1 of Article VI of the Constitution 'the legislature would be without authority to give judicial power to any general state board or tribunal. Except for local purposes the section disposes of the whole judicial power of the state and vests all of it in the courts expressly named therein, leaving none at the disposition of the legislature' (*Pacific Coast Casualty Co.* v. *Pillsbury,* 171 Cal. 319 [153 Pac. 24]; *Western Metal Supply Co.* v. *Pillsbury,* 172 Cal. 407 [156 Pac. 491, Ann. Cas. 1917E, 390]; see, also, concurring opinion of Mr. Chief Justice Shaw in *Tulare Water Co.* v. *State Water Com.,* 187 Cal. 533 [202 Pac. 874], and in no other section of the Constitution do we find authority in the legislature to vest judicial power in the petitioners under the Water Commission Act. The cases of *Imperial Water Co.* v. *Board of Supervisors,* 162 Cal. 14 [120 Pac. 780], and other cases of like import and relied on by the respondents are not in point because they involved the scope or validity of judicial powers exercised by local tribunals, boards, or officers whose jurisdiction was limited to incorporated cities, towns, townships, counties, or cities and counties and did not involve the authority of any tribunal, board or officer exercising judicial powers and having state-wide jurisdiction."

The decision then goes on to point out that the Water Commission Act in other sections, not applicable to that case, provided for what is described as a court or statutory review. Examination of the several sections of that act providing such remedy discloses that the court "review" there contemplated is by way of action in the superior court wherein all evidence adduced before the water commission may

be reviewed and additional evidence adduced. In effect, a hearing *de novo* is there authorized. Such a hearing and remedy is provided by section 31 of the Retail Sales Act, here under consideration, for it authorizes an action against the state treasurer to recover the alleged overpayment. However, such is not the remedy here sought and purported to be authorized by section 33 of the act. Of course, it is not competent for the legislature, without constitutional authority, to confer upon this court jurisdiction to issue a writ different from but in the nature of *certiorari* for that body may not trench upon, enlarge or diminish the constitutional jurisdiction of this court or any other state court. (*Sacramento & San Joaquin D. Dist.* v. *Superior Court,* 196 Cal. 414, 432 [238 Pac. 687] ; 7 Cal. Jur. 586, sec. 10.)

The holding in *Van Camp S. F. Co.* v. *Fish & Game Commission,* 75 Cal. App. 764, 766 [243 Pac. 702], is in accord with the above quoted case. In the Van Camp case it was sought to review by *certiorari* an order of the fish and game commission fixing petitioner's right to take and reduce sardines. The following appears in the decision in that case:

"To the petition for the writ of *certiorari* the respondent Commission has interposed a demurrer on the ground that said petition does not state facts sufficient to constitute a cause of action or to authorize the issuance of the writ. In that connection the principal point relied upon by respondent is that the writ will lie only as against 'an inferior tribunal, board or officer exercising judicial functions,' as provided by section 1068 of the Code of Civil Procedure; and that respondent Commission was not, in said matter, exercising any judicial function.

"Assuming for the purposes of this case only (but without deciding the point), that in the performance of the acts heretofore set forth the respondent Commission was attempting to exercise at least *quasi*-judicial functions, the question to be determined is whether the respondent Commission had the lawful power to exercise such functions.

"The matter is primarily regulated by the provisions of section 1 of article VI of the Constitution relating to judicial powers, which provides: 'The judicial power of the state shall be vested in the senate, sitting as a court of impeachment, in a supreme court, district courts of appeal, superior courts and such inferior courts as the legislature may establish in

any incorporated city or town, township, county, or city and county.'

"Consideration of the constitutional provision has been frequently before the appellate courts of this state, wherein orders made by different state commissions and local boards have been reviewed. As affecting solely the police power of the state, it has been held that the orders of a commission having a state-wide jurisdiction, exercising powers *quasi*-judicial in their nature, and local boards such as boards of supervisors, acting in a judicial capacity in hearing and determining questions such, for example, as involving the organization of irrigation districts, were not in violation of the constitutional provision. (*County of Los Angeles* v. *Spencer*, 126 Cal. 670 [59 Pac. 202, 77 Am. St. Rep. 217]; *Ex parte Whitley*, 144 Cal. 167 [77 Pac. 879, 1 Ann. Cas. 13]; *Imperial Water Co.* v. *Board of Supervisors*, 162 Cal. 14 [120 Pac. 780]; *Suckow* v. *Alderson*, 182 Cal. 247, 250 [187 Pac. 965]; *Brecheen* v. *Riley*, 187 Cal. 121 [200 Pac. 1042]; *Gregory* v. *Hecke*, 73 Cal. App. 268 [238 Pac. 787, 793].)

"But in contrast with the foregoing decisions we find the cases of *Pacific Coast Casualty Co.* v. *Pillsbury*, 171 Cal. 319 [153 Pac. 24], and *Western Metal Supply Co.* v. *Pillsbury*, 172 Cal. 407 [156 Pac. 491, Ann. Cas. 1917E, 390], where in substance it was held that it was only under a special and independent constitutional provision that the industrial accident commission was empowered to exercise judicial functions. It is there pointed out that, in the absence of a special constitutional provision conferring such power, an act of the legislature attempting to create judicial powers in a state board, such as the fish and game commission, would be invalid. In the former case (171 Cal. 319, 153 Pac. 24), in speaking of the constitutional provision heretofore quoted herein, the court said: 'Under this provision the legislature would be without authority to give judicial power to any general state board or tribunal. Except for local purposes the section disposes of the whole judicial power of the state and vests all of it in the courts expressly named therein, leaving none at the disposal of the legislature.' "

In *Globe Cotton Oil Mills* v. *Zellerbach*, 200 Cal. 276, 277 [252 Pac. 1038], also involving the fish and game commission, it was held that said body exercised administrative or regulatory powers and not judicial functions.

Upon numerous occasions of comparatively recent date we have denied, without opinion, on the authority of the rule herein announced, many applications for writs by which it was sought to review various orders and rulings of the respondent board. To illustrate: In *Long Beach B. & L. Assn.* v. *State Board of Equalization,* L. A. 15666, we denied, on January 6, 1936, an application for a writ to review an order denying a refund of franchise taxes paid. In *Yosemite Park etc. Co.* v. *State Board of Equalization,* S. F. 15571, we refused on November 14, 1935, to review a ruling denying, as here, a refund of sales taxes paid under protest. Again, on August 19, 1935, in *Munhollen* v. *State Board of Equalization,* S. F. 15513, we denied an application to review an order revoking a liquor license because of petitioner's violation of a statute regulating size and content of exterior signs advertising alcoholic beverages. We declined on March 28, 1935, in *Hendrickson* v. *State Board of Equalization,* S. F. 15400, to review a ruling changing the classification of a beverage. Other applications denied for the reason above mentioned are *Dicktakes* v. *State Board of Equalization,* S. F. 15529, and *So. Cal. Edison Co.* v. *State Board of Equalization,* L. A. 15506. There is, therefore, ample authority for our refusal to exercise jurisdiction herein.

It may not be uged that the case of *Matson Navigation Co.* v. *State Board of Equalization,* 3 Cal. (2d) 1 [43 Pac. (2d) 805], reaches a result contrary to the one herein announced, for in that case the jurisdictional point here considered was neither urged nor discussed by the parties. The fact that the United States Supreme Court thereafter granted a hearing in the Matson case and rendered a decision therein (297 U. S. 441 [56 Sup. Ct. 553, 80 L. Ed. 791]) is immaterial to the question now under consideration, for that court's jurisdiction is determined upon an entirely different basis than the jurisdiction of this court in proceedings of this character. That court did not undertake to determine whether this court had acted within its jurisdiction in hearing and determining said cause, but, as stated in its opinion, the sole question there presented was whether the ruling of the respondent board and the affirmance thereof by this court worked a violation of the due process and equal protection clauses of the federal Constitution.

To hold that judicial power has been conferred upon the respondent board would be tantamount to holding such attempted grant unconstitutional to that extent. We think it was not intended by the legislature to confer any judicial power on the respondent board and it necessarily follows that this proceeding for a writ of review lacks one of the elements essential to its proper determination.

The writ is discharged and the proceeding is dismissed.

Shenk, J., Curtis, J., Langdon, J., Seawell, J., and Thompson, J., concurred.

Rehearing denied.