[No. D001810. Fourth Dist., Div. One. May 21, 1985.]

AGRICULTURAL LABOR RELATIONS BOARD,
Plaintiff and Respondent, v.
ABATTI PRODUCE, INC., Defendant and Appellant.

506

---

**COUNSEL**

Gray, Cary, Ames & Frye, Richard A. Paul and Merrill F. Storms, Jr., for Defendant and Appellant.

Daniel G. Stone and Michael E. Hersher for Plaintiff and Respondent.

---

**OPINION**

**STANIFORTH, J.**—The Agricultural Labor Relations Board (ALRB) has filed a motion to dismiss Abatti Produce, Inc.'s (Abatti) appeal from a superior court order enforcing an earlier ALRB decision.[1]

Abatti has engaged in an exhaustive and time-consuming series of legal actions, seeking to reverse that ALRB decision of October 28, 1981. The ALRB's decision has been reviewed by numerous forums which have uniformly refused to overturn the ALRB's decision. First, Abatti filed a motion for reconsideration with the ALRB on November 10, 1981. The ALRB denied the motion on January 2, 1982. Abatti then filed a petition for review with this court. This court denied the petition on March 2, 1983. Abatti filed a petition for hearing with the California Supreme Court on March 14, 1983. The California Supreme Court denied the hearing on May 4, 1983. Abatti filed suit in the United States District Court, Southern District of California, for a temporary restraining order on June 15, 1983. The district court denied the order on June 16, 1983. Abatti filed a petition for certiorari with the United States Supreme Court on August 2, 1983. The United States Supreme Court denied certiorari on October 28, 1983.

ALRB then petitioned the Superior Court of Imperial County for an order of enforcement of its October 28, 1981, decision. Abatti filed a cross-complaint and raised defenses on substantive and procedural grounds in response to the ALRB's action. The Imperial County Superior Court issued its judg-

---

[1]The ALRB October 28, 1981, decision (7 ALRB No. 36) held Abatti Produce, Inc., had illegally supported a decertification movement and engaged in an illegal refusal to bargain. The remedy ordered by the ALRB was a "make-whole" remedy.

ment enforcing the ALRB's decision on March 9, 1984. Abatti seeks to appeal the superior court's decision to this court. We dismiss the appeal as unappealable.

DISCUSSION

I

■ It is settled the right of appeal is statutory and a judgment or order is not appealable unless expressly made so by statute. (*People* v. *Chi Ko Wong* (1976) 18 Cal.3d 698, 709 [135 Cal.Rptr. 392, 557 P.2d 976]; *Skaff* v. *Small Claims Court* (1968) 68 Cal.2d 76, 78 [65 Cal.Rptr. 65, 435 P.2d 825]; *People* v. *Valenti* (1957) 49 Cal.2d 199, 204 [316 P.2d 633]; *In re Conley* (1966) 244 Cal.App.2d 755, 759 [53 Cal.Rptr. 321].) There is no federal nor state constitutional right to an appeal or other review of a judicial decision. The Legislature may abolish the right altogether. (*Superior Wheeler C. Corp.* v. *Superior Court* (1928) 203 Cal. 384, 386 [264 P. 488].) "[T]he Legislature has the power to declare by statute what orders are appealable, and, unless a statute does so declare, the order is not appealable." (*Modern Barber Col.* v. *Cal. Emp. Stab. Com.* (1948) 31 Cal.2d 720, 728 [192 P.2d 916]; see also *Pacific Gas & Electric Co.* v. *State Bd. of Equalization* (1980) 27 Cal.3d 277, 282-283 [165 Cal.Rptr. 122, 611 P.2d 463].)

■ The Agricultural Labor Relations Act (ALRA) provides for review of the substance of an ALRB decision by a petition for review filed in the Court of Appeal within 30 days after issuance of the ALRB order. (Lab. Code, § 1160.8.) The Court of Appeal may summarily deny the petition. (*Tex-Cal Land Management, Inc.* v. *Agricultural Labor Relations Bd.* (1979) 24 Cal.3d 335, 351 [156 Cal.Rptr. 1, 595 P.2d 579].)

■ Abatti asserts the summary denial process coupled with the lack of written opinion and the use of the substantial evidence test by the Court of Appeal on review of ALRB decisions deprives a party of a constitutional right to have legal disputes resolved by the judiciary, not an administrative agency.

Tex-Cal's constitutional challenges to section 1160.8's "command" (24 Cal.3d 335, 342-343) is articulated in this question: "*Does the California Constitution preclude giving effect to a legislatively mandated 'substantial*

*evidence' standard for reviewing decisions of a statewide agency on which the Constitution does not confer judicial power?" (Id., at p. 342.)*[2]

This question has been unequivocally determined contrary to Abatti's position in *Tex-Cal Land Management, Inc.* v. *Agricultural Labor Relations Bd., supra,* 24 Cal.3d 335, 348-351. In *Tex-Cal,* the California Supreme Court held Labor Code section 1160.8 does not violate the Constitution by granting the Court of Appeal jurisdiction to summarily deny a petition for writ of review based upon the court's finding substantial evidence supports the ALRB decision.

■ The significance of the question resolved in *Tex-Cal* can be elucidated best by examining its legal roots. The question first arose in 1936 in *Standard Oil Co.* v. *State Board of Equal.* (1936) 6 Cal.2d 557 [59 P.2d 119]. In *Standard Oil Co.,* petitioner sought a writ of certiorari to review an agency decision. The Sales Tax Act had provided for review by certiorari. The court held a writ of certiorari or writ of review lies only to review exercise of judicial power and the Legislature is without power to confer judicial power upon a statewide agency. The court held the Legislature could not grant the court jurisdiction to issue a writ in the nature of certiorari because it does not have power to enlarge a court's jurisdiction. It can only be done constitutionally.

■ The *Standard Oil* case was followed in 1939 by *Drummey* v. *State Bd. of Funeral Directors* (1939) 13 Cal.2d 75 [87 P.2d 848]. In *Drummey,* petitioner filed a writ of mandate challenging suspension of his funeral license by the board. The court held mandate was the appropriate writ to review suspension of a license. It further held in such a case the reviewing court must use the independent judgment standard of review to protect against an administrative agency action resulting in a deprivation of liberty or property when the evidence establishes the findings are wrong and constitutional rights have been invaded. (*Id.,* at p. 85.)

That same year (1939) the court decided *McDonough* v. *Goodcell* (1939) 13 Cal.2d 741 [91 P.2d 1035, 123 A.L.R. 1205]. In *McDonough,* petitioners filed for a writ of mandate to compel the Insurance Commissioner to issue a permit to continue a bail bond business. The court limited *Drummey* to the facts of that case, declaring *Drummey* expressed an exception to the general rule the arbitrariness or substantial evidence test, not the indepen-

---

[2]This judicially phrased question responds to the employer's contention the "due process clause of the [California] Constitution [art. I, §§ 1, 7(a), 15, par. 2, cl. 3] requires application of the independent judgment standard." (Tex-Cal's petition for hg. before the California Supreme Court, p. 24, S.F. 23831, fn. omitted.)

dent judgment test, is utilized in mandamus cases. (13 Cal.2d 741, 752-753.) So, in a case involving suspension of a license, the court required the independent judgment test; while in a case involving application for a license to continue an ongoing business, the substantial evidence test was appropriate as required by a recently enacted statute.

These 1939 cases were followed by *Bixby* v. *Pierno* (1971) 4 Cal.3d 130 [93 Cal.Rptr. 234, 481 P.2d 242]. In *Bixby,* petitioner filed a petition for writ of mandamus to review a Corporation Commissioner decision approving a recapitalization plan. The court discussed at length the history of the judicial attitude toward review of administrative agency decisions. It noted the court's initial fear of rapidly growing administrative agencies and their later recognition the agencies were indispensable in our society. (*Id.,* at p. 142.) The court then noted the changing judicial view of individual rights and concluded, in 1971, independent judicial review of agency decisions was only required when vested fundamental rights were at issue. (*Id.,* at pp. 143-144.)

*Bixby* was followed in 1979 by *Tex-Cal Land Management, Inc., supra,* 24 Cal.3d 335. The Supreme Court in *Tex-Cal* summarizes the history of judicial review of administrative decisions. *Tex-Cal* noted *Bixby* gave two reasons for retaining the independent judgment standard in some cases: (1) To allow courts to decide in which cases the more stringent test should be applied and (2) to help cure due process violations on the administrative level. (*Id.,* at p. 344.) The court found the Legislature, in enacting Labor Code section 1160.8 and providing therein for judicial review of factual issues on a substantial evidence standard and of administrative due process, fulfilled both qualifications. The court noted: "None of the cases that commenced in 1936 with *Standard Oil, supra,* 6 Cal.2d 557, and continued through *Bixby, supra,* 4 Cal.3d 130, as well as later cases, invalidated any legislative command that findings be conclusive if supported by substantial evidence." (*Id.,* at p. 345.)

The court noted the early cases had not placed a constitutional restriction on review of administrative agency decisions and observed: "For us to create a new constitutional restriction would frustrate the Legislature's intent that the ALRB serve as 'one of those agencies presumably equipped or informed by experience to deal with a specialized field of knowledge, whose findings within that field carry the authority of an expertness which courts do not possess and therefore must respect.'" (*Tex-Cal, supra,* 24 Cal.3d 335, 346.) The court felt the distinction whether a vested fundamental or nonfundamental right was at issue would require the distinction to be made on a "case-by-case basis" because of the range of problems prescribed.

(*Ibid.*) This would result in a "prolific source of the litigious delay that the Legislature indisputably sought to avoid." (*Ibid.*) The court concluded: "We therefore hold that the Legislature may accord finality to the findings of a statewide agency that are supported by substantial evidence on the record considered as a whole and are made under safeguards equivalent to those provided by the ALRA for unfair labor practice proceedings, whether or not the California Constitution provides for that agency's exercising 'judicial power.'" (*Ibid.*) ■ The decision this was not an attempt by the Legislature to grant judicial power to the ALRB, in violation of the California Constitution, appears to be based upon the court's finding review of ALRB cases was in reality review of an extraordinary writ in the nature of mandamus. (*Id.*, at p. 350.) The court finally notes, unlike an appeal, a writ of review in the nature of mandamus can be summarily dismissed. (*Ibid.*)

■ Does due process consideration require an opportunity to present an oral argument? "The answer is an unqualified no." (2 Davis, Administrative Law Treatise (2d ed. 1979) § 10:9, p. 337.) It follows the only grounds for review of an ALRB decision are (1) an error of law was made, (2) it is not procedurally sound or (3) it lacks substantial evidence. Those issues will be decided by the Courts of Appeal (and the Supreme Court if a hearing is granted) following a petition of review of an ALRB decision.

■ An appeal court only issues a summary denial if, after reviewing the entire record, the court finds the petition is without merit. An order summarily denying a petition for review is a decision on the merits and raises the bar of res judicata. (See *Consumers Lobby Against Monopolies* v. *Public Utilities Com.* (1979) 25 Cal.3d 891, 901 [160 Cal.Rptr. 124, 603 P.2d 41].) Once judicial review has been exhausted, res judicata bars relitigation in an action to enforce the board's order brought by the ALRB in a superior court.

II

■ Abatti's argument Code of Civil Procedure section 904.1, subdivisions (a) and (f),[3] authorize an appeal in this case is unpersuasive. The

---

[3]Code of Civil Procedure section 904.1 provides in pertinent part: "An appeal may be taken from a superior court in the following cases:

"(a) From a judgment, except (1) an interlocutory judgment, other than as provided in subdivisions (h) and (i), (2) a judgment of contempt which is made final and conclusive by Section 1222, (3) a judgment on appeal from a municipal court or a justice court or a small claims court, or (4) a judgment granting or denying a petition for issuance of a writ of mandamus or prohibition directed to a municipal court or a justice court or the judge or judges thereof which relates to a matter pending in the municipal or justice court. However, an appellate court may, in its discretion, review a judgment granting or denying a petition

Labor Code provides: "Any person aggrieved by the final order of the board . . . may obtain a review of such order in the court of appeal having jurisdiction over the county . . . ." (§ 1160.8.) Abatti has sought and obtained such a judicial review of the order now sought to be enforced. The enforcement process (by the board's application to the superior court) is narrowed in scope by legislative directions: "If after hearing, the court determines that the order was issued pursuant to procedures established by the board and that person refuses to comply with the order, *the court shall enforce such order by writ of injunction or other proper process. The court shall not review the merits of the order.*" (§ 1160.8, italics added.) ██ ██ Finally, the Legislature declares: "*The procedures set forth in this chapter shall be the exclusive method of redressing unfair labor practices.*" (§ 1160.9, italics added.)

Thus, the municipal court is without jurisdiction to hear criminal prosecutions of defendant farm workers when they were engaged in arguably protected activities under the ALRA (Lab. Code, § 1140 et seq.). (*Banales v. Municipal Court* (1982) 132 Cal.App.3d 67, 72-73 [183 Cal.Rptr. 7].) Nor is a declaratory relief action available under the ALRA to test the validity of an order to bargain. (*Dessert Seed Co. v. Brown* (1979) 96 Cal.App.3d 69 [157 Cal.Rptr. 598].)

In *California Coastal Farms, Inc. v. Doctoroff* (1981) 117 Cal.App.3d 156 [172 Cal.Rptr. 552], this court upheld a trial court's determination of "lack of jurisdiction" to hear a case brought by an employer complaining of an administrative law officer's refusal to disqualify himself. We held "the procedures here complained of . . . do not breach the general statutory insulation from direct 'over the shoulder' judicial supervision of Board decisions. *Relief is available through the administrative process and ultimately by judicial review at the appeal court level.*" (*Id.*, at p. 162, italics added.)

██ In contrast to the limited judicial review found in chapter 6 of the ALRA, is chapter 7 which specifically grants the superior court jurisdiction over suits between labor organizations representing agricultural employees and agricultural employer in "suits for violation of contract."

██ Through the present superior court action, the ALRB seeks to transform its administrative order into a court order. Its decision can then be enforced by the contempt power of the court if there is a refusal to

for issuance of a writ of mandamus or prohibition upon petition for an extraordinary writ.
"· · · · · · · · · · · · · · · · · · · · · · · · ·
"(f) From an order granting or dissolving an injunction, or refusing to grant or dissolve an injunction."

voluntarily comply. This transformation of an administrative order to a court order as part of a statutory enforcement scheme results in an order or decree which is interlocutory in nature since it contemplates a later contempt proceeding. Writ review should await a subsequent adjudication of contempt. (*Gue* v. *Dennis* (1946) 28 Cal.2d 616 [170 P.2d 887].)

Abatti labels the superior court enforcement order an injunction. The code authorizes the superior court to issue a "writ of injunction or other proper process." The use of this terminology does not convert the carefully limited enforcement process into a fullfledged injunction proceeding with rights of appeal. To uphold the employer's contention would substitute the superior court as the tribunal to hear and determine what the Legislature has declared to be within the jurisdiction of the Court of Appeal in the first instance and secondly in a hearing, upon grant, in the Supreme Court.

The Legislature has expressly provided the ALRA is "the exclusive method of redressing unfair labor practices." (Lab. Code, § 1160.9.) This limitation of subject matter jurisdiction as well as procedures provided by the ALRA do not offend any constitutional requirement.

The ALRA provides for no other appellate review of the ALRB's decision or procedures other than that set forth in Labor Code section 1160.8, nor was it the Legislature's intent to allow an appeal from the superior court's order enforcing the ALRB decision. To allow such an appeal would thwart one of the Legislature's purposes in enacting the ALRA— the speedy resolution of agricultural labor disputes. This purpose is evidenced by the shortened time period for seeking review of the ALRB's order, the option of summary denial of a petition for review by the Court of Appeal and by the abbreviated superior court procedures. (Lab. Code, § 1160.8; *Tex-Cal Land Management, Inc.* v. *Agricultural Labor Relations Bd.*, *supra*, 24 Cal.3d 335, 351; see also *Belridge Farms* v. *Agricultural Labor Relations Bd.* (1978) 21 Cal.3d 551, 558 [147 Cal.Rptr. 165, 580 P.2d 665].)

At the enforcement proceeding, the defending party may raise due process issues such as notice, opportunities to be heard, etc. Such issues may be raised in these abbreviated enforcement proceedings. However, the parties cannot relitigate the substantive issues which have been resolved by the appeal court in reviewing the initial board decision.

### III

The ALRB seeks to impose sanctions upon Abatti contending the appeal is frivolous and taken for purposes of delay. As noted above, *Tex-*

*Cal Land Management, Inc.* v. *Agricultural Labor Relations Bd.*, *supra*, 24 Cal.3d 335, has unequivocally determined the summary denial process after a review of the challenged ALRB order and a decision based on a substantial evidence standard violates no constitutional right. If that were the sole issue here, the charge of a sham appeal would be recognized and an appropriate sanction imposed. However, the issue of right to appeal from a superior court order of enforcement is a novel issue in the ALRA context. While we find no authority in law to support an appeal and therefore dismiss the appeal, the issue was novel and warranted hearing. There is no basis for award of sanction.

Appeal dismissed.

Brown (Gerald), P. J., and Wiener, J., concurred.